■ RICHARD E. CHANDLER, Appellant, v FLORENCE R. CHANDLER, Respondent. — Harvey, J. Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered August 8, 1984 in Saratoga County, which, *inter alia,* granted defendant's motion to vacate the notice of discontinuance filed by plaintiff.

Plaintiff commenced the instant action by summons and notice (CPLR 305 [b]) on December 3, 1983 seeking a divorce on the ground of cruel and inhuman treatment (Domestic Relations Law § 170 [1]). Defendant appeared and demanded a complaint on December 15, 1983. Plaintiff's time to serve the complaint was extended by stipulation of the parties. In May 1984, when the complaint still had not been served, plaintiff served a notice of voluntary discontinuance pursuant to CPLR 3217 (a) (1). Defendant moved to vacate plaintiff's notice of discontinuance and the motion was granted. This appeal by plaintiff ensued.

Defendant's main contention is that after the commencement of the action and prior to the voluntary discontinuance of the action on the part of plaintiff, she was awarded temporary

maintenance in the amount of $200 per week and sole occupancy of the marital residence. She claims that she would sustain a financial loss by the termination of the temporary order which would result from discontinuance of the action.

Plaintiff had the absolute and unconditional right to discontinue the action, without seeking judicial permission through a court order, merely through the service of the notice of voluntary discontinuance upon defendant. It is admitted that no pleadings were served, neither a complaint nor an answering pleading (see, Battaglia v Battaglia, 59 NY2d 778, revg on dissenting mem below 90 AD2d 930, 933-934). The affidavits on defendant's motion did not provide Special Term with any basis to exercise any type of equitable jurisdiction. Defendant has the same rights that she had before plaintiff's action was commenced, which includes, among others, the right to commence her own matrimonial action.

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.