■ MARK GIAMBRONE, Appellant, v TACIANA GIAMBRONE, Respondent.

By service of a summons with notice, dated February 23, 1987, plaintiff husband commenced the within action for divorce. Simultaneously therewith, plaintiff served defendant wife with a motion pursuant to an order to show cause with a supporting affidavit, seeking temporary custody of their child and restriction of the wife's visitation rights. The order, signed by Justice Glen on February 20, 1987, was made returnable March 3, 1987. On March 2, 1987, the plaintiff served defendant with a notice of discontinuance pursuant to CPLR 3217 (a) (1), which was filed with the court clerk on March 3, 1987.

On March 3, 1987, plaintiff's then counsel and the defendant, *pro se,* appeared before Justice Glen. Counsel advised the court of the service and filing of the notice of discontinuance. Defendant submitted an unsworn statement dated March 3, 1987, in response to the order to show cause, in which she requested an adjournment of the matter until she could obtain counsel, temporary maintenance, exclusive possession of the marital residence and custody and the return of her son. The court denied plaintiff permission to discontinue. It held that fundamental fairness required that the unrepresented defendant have her day in court, particularly since she intended to contest the action, and that a question existed as to whether counsel served defendant with the notice of discontinuance after defendant showed him her unsworn statement. Moreover, the court noted that plaintiff was likely to take employment in Ohio, where he had sent his son, and was thereby engaging in forum shopping.

CPLR 3217 (a) (1) grants to a party asserting a claim the statutory right to discontinue it without need of a judicial

order simply by serving a notice of discontinuance prior to the service of a responsive pleading or within 20 days after service of the pleading asserting the claim, whichever is earlier, and filing the notice with proof of service. In refusing to acknowledge plaintiff's right to discontinue this action, the court deprived plaintiff of a procedural and statutory remedy to which he was unconditionally entitled. *(See, Battaglia v Battaglia,* 59 NY2d 778, *revg on dissenting mem below* 90 AD2d 930, 933-934.)

As in *Battaglia (supra,* at 933), neither a complaint nor a responsive pleading were ever served in this action, thereby giving to this plaintiff the "absolute and unconditional right to discontinue [his] action without seeking permission through a court order, merely through the service of the notice upon defendant." It is only when litigation has progressed to the point of requiring a court order pursuant to CPLR 3217 (b) that an application for discontinuance must be addressed to the court's discretion and may be denied where "substantial rights have accrued or the adversary's rights would be prejudiced thereby" *(supra,* at 933). In adopting the dissent of Justice Levine, it is not clear, however, whether the Court of Appeals in *Battaglia* also adopted the dissent's view that where a party's decision to discontinue on notice is "the result of any devious or unfair conduct", such conduct "might constitute grounds for [an] equitable estoppel." *(Supra,* at 934.)

Even if under special circumstances "devious or unfair conduct" may estop a party from asserting his statutory right to discontinue under CPLR 3217 (a) (1), clearly, if the right of a party under CPLR 3217 (a) (1) to discontinue an action without court order is to have any substance, and is to be distinguishable from a CPLR 3217 (b) application, a court's power to invoke equitable jurisdiction to vacate a notice must be limited to instances when the conduct is particularly egregious and amounts to more than just an altering of the respective rights of the parties, which is the standard under CPLR 3217 (b). *(Battaglia v Battaglia,* 90 AD2d, at 933, *supra)* For instance, it is not sufficient that a party serves a notice of discontinuance in an action filed prior to the effective date of the Equitable Distribution Law, so as to permit that party to file a new action under the new law, even though this will undeniably affect the parties' respective rights. *(Broder v Broder,* 59 NY2d 858, 859; *Battaglia v Battaglia,* 59 NY2d 778, *supra.)*

Particularly relevant, given the concern of the court below for granting defendant her day in court and protecting her

from possible financial hardship as a result of this action being discontinued, is *Chandler v Chandler* (108 AD2d 1035). In *Chandler,* the plaintiff had also commenced an action by service of a summons with notice, and no complaint or responsive pleading had yet been served. The motion court concluded that voluntary discontinuance would result in financial hardship to the defendant, who had meanwhile obtained temporary maintenance and occupancy of the marital residence pursuant to the action, and, the court, therefore, granted defendant's motion to vacate the notice of discontinuance. The Appellate Division, Third Department, rejected the court's exercise of its equitable powers to vacate the notice, saying: "Plaintiff had the absolute and unconditional right to discontinue the action, without seeking judicial permission through a court order, merely through the service of the notice of voluntary discontinuance upon defendant. It is admitted that no pleadings were served, neither a complaint nor an answering pleading *(see, Battaglia v Battaglia,* 59 NY2d 778, *revg on dissenting mem below* 90 AD2d 930, 933-934). The affidavits on defendant's motion did not provide Special Term with any basis to exercise any type of equitable jurisdiction. Defendant has the same rights that she had before plaintiff's action was commenced, which includes, among others, the right to commence her own matrimonial action." *(Supra,* at 1036.)

Similarly, the court herein had no basis for invoking equitable powers to deny plaintiff his right to discontinue the divorce action. There is no evidence to warrant a finding that plaintiff was trying to avoid New York jurisdiction in order to gain some unfair advantage in the Ohio courts. The parties both have relatives in Ohio, and plaintiff's supporting papers to his motion regarding custody explain that he felt it necessary to send their infant child to Ohio to stay temporarily with relatives because of defendant's alleged unstable mental condition as demonstrated by her suicide attempts, unexplained disappearances for days and her acts of leaving the baby unattended or with complete strangers. There is, accordingly, no support in the record for a conclusion that plaintiff's discontinuance was prompted by devious or fundamentally unfair conduct.

Neither was the court's concern for whether plaintiff filed his notice after seeing defendant's unsworn statement a sufficient basis to deny plaintiff his statutory right to a discontinuance. No complaint had yet been filed, and mere service of a summons with notice is not a pleading requiring a response. *(Hutchison v Hutchison,* 87 Misc 2d 1071, 1073-1074, *affd* 55

AD2d 817; *see also,* CPLR 3011.) Furthermore, given the unsworn nature of defendant's statement, that statement cannot be deemed a responsive pleading. It is therefore irrelevant whether defendant was shown this statement prior to serving the notice of discontinuance.

Finally, the substance of the statement was not even addressed to the merits of the divorce action, but to the collateral relief plaintiff sought in the action, namely, custody of their child, and to defendant's demands for temporary maintenance and exclusive possession of the marital residence. As the court noted in *Chandler (supra)*, where the defendant therein had already been granted collateral relief, there is nothing to prevent the defendant from commencing her own action. The facts herein simply do not rise to the level of deviousness, trickery or fundamentally unfair conduct such as could justify depriving plaintiff of a procedural remedy to which he is statutorily entitled. Accordingly, the order appealed from is reversed. Concur—Sandler, J. P., Ross, Carro and Milonas, JJ.