■ DONALD E. SULLIVAN, Appellant, v ROSE SULLIVAN, Respondent. [607 NYS2d 937] —Order, Supreme Court, New York County (David B. Saxe, J.), entered September 16, 1992, which, *inter alia,* granted respondent's motion for full disclosure of petitioner's assets and liabilities up to the date that this proceeding was commenced, unanimously affirmed, with costs.

After a New York court dismissed petitioner's divorce action on the ground that he had not established any grounds for divorce, he procured a divorce in Illinois. The Illinois court did not render any determination with respect to marital financial issues. The instant proceeding seeking, *inter alia,* equitable distribution, is the first time that the matter of allocation of the marital property has ever come before a court. The Supreme Court appropriately concluded that the cutoff date for equitable distribution in this case was the commencement of this proceeding and not the divorce action in Illinois, since Domestic Relations Law § 236 (B) (1) (c) defines "marital property" as all property acquired during the marriage and before the commencement of a matrimonial action, and section 236 (B) (2) defines a matrimonial action to include "proceedings to obtain maintenance or a distribution of marital property following a foreign judgment of divorce". The validity of this approach is confirmed in *Anglin v Anglin* (80 NY2d 553), wherein the Court of Appeals deemed the availability of equitable distribution to be the critical factor in determining whether the commencement of a particular type of matrimonial action will act as the cutoff date. Concur—Ellerin, J. P., Wallach, Kupferman and Rubin, JJ.