■ NATIONAL STATES ELECTRIC CORP., Appellant, v LFO CONSTRUCTION CORP., Respondent. (Action No. 1.) MARINA TOWERS ASSOCIATES et al., Appellants-Respondents, v NATIONAL STATES ELECTRIC CORP., Appellant, and NATIONAL KINNEY CORP. et al., Respondents. (Action No. 2.) NATIONAL STATES ELECTRIC CORP., Plaintiff, v INSURANCE COMPANY OF NORTH AMERICA, Defendant. (And Another Action.) [609 NYS2d 900] —Judgment, Supreme Court, New York County (Burton Sherman, J.), entered November 23, 1992, upon a jury verdict, *inter alia,* awarding damages in favor of plaintiffs in Action No. 2 in the amount of $3,775,577.37, inclusive of interest, costs and disbursements, on their cause of action for breach of contract against defendant subcontractor, and dismissing plaintiffs' causes of action for breach of guarantee and fraud, unanimously modified, on the law and the facts, to the extent of striking the award of damages and remanding the matter to the trial court for a new trial as to damages, and otherwise affirmed, without costs.

The trial court did not abuse its discretion in permitting defendants to conform their pleadings to the proof by interposing the Statute of Frauds as a defense to plaintiffs' causes of action for breach of guarantee and fraud as no new factual issues were raised and there was no discernable prejudice to plaintiffs *(see, Dittmar Explosives v A. E. Ottaviano, Inc.,* 20 NY2d 498; *Gonfiantini v Zino,* 184 AD2d 368).

As to the merits, plaintiffs' evidence was insufficient as a matter of law to show that plaintiff contractor, which merely accepted performance from defendant subcontractor's parent,

rendered that performance unequivocally referable to the alleged guarantee *(see, Harrington v Murray,* 169 AD2d 580, 581-582). Such conduct was as consistent with the parent's voluntary performance on behalf of its subsidiary as it was with the parent's alleged agreement to guarantee the performance of its subsidiary.

Plaintiff contractor's one-page summary of damages, however, which the jury appears to have relied on exclusively in rendering its award, should not have been received in evidence. It is clear from a review of the testimony that the document was not prepared in the regular course of business so as to qualify for admission as a business record, but, rather, was prepared in anticipation of litigation *(see,* CPLR 4518 [a]; *Equidyne Corp. v Vogel,* 160 AD2d 389, 390; *People v Ferraioli,* 101 AD2d 629, 630).

It is also clear from testimony that the document, which is entitled "Excess Cost to Complete National States Work," contains certain figures gleaned from documents *(i.e.,* documents concerning Westover's submetering costs and unverified extras which were "in the hands of [plaintiff contractor's] attorneys") which were not produced at trial. The absence of those documents, without explanation, is in violation of the best evidence rule *(Sachs v Fumex Sanitation,* 75 AD2d 595; *Public Operating Corp. v Weingart,* 257 App Div 379; Richardson, Evidence § 568 *et seq.* [Prince 10th ed]) and would vitiate the admissibility of the summary since certain substantial figures contained therein could not be substantiated by any competent evidence admitted at trial. In any event, Mr. Scavo's testimony on behalf of plaintiff contractor does little to clarify the contents of those documents *(see generally, Brian E. Weiss, D.D.S., P. C. v Miller,* 166 AD2d 283, *affd* 78 NY2d 979) and his testimony alone cannot be a basis to permit the admissibility of the summary. As a result, the summary should not have been considered by the jury on the issue of damages. Concur—Murphy, P. J., Sullivan, Ross, Rubin and Tom, JJ.