■ R.S.A. DISTRIBUTORS, INC., Appellant, v MILFORD PLAZA ASSOCIATES et al., Respondents. [619 NYS2d 17] —Order, Supreme Court, New York County (Myriam Altman, J.), entered on or about June 29, 1993, which denied plaintiff's motion for summary judgment, and granted defendant Zenith's cross motion for summary judgment, and, upon a search of the record, granted summary judgment in favor of defendant Milford Plaza, unanimously affirmed, with costs.

Summary judgment was properly granted in favor of defendant Milford Plaza on the ground that the lease agreement underlying plaintiff's cause of action for breach of contract was never signed by the lessor, and therefore, by its terms, never became effective, as plaintiff concedes. The purchase order that defendant Milford Plaza executed in conjunction with the lease, which plaintiff first claimed to be an enforceable contract in its reply papers on the motion, is not a contract, but just an attachment to the proposed lease that detailed the equipment that was to be subject to the lease. As plaintiff and Milford Plaza never had a contract, plaintiff's claim against Zenith Sales Company for tortious interference with contract must necessarily fail. Concur—Ross, J. P., Asch, Rubin, Nardelli and Tom, JJ.

■ BRUCE COHEN, Respondent, v MARCIA COHEN, Appellant. [619 NYS2d 546] —Order, Supreme Court, New York County (David Saxe, J.), entered June 11, 1993, which, in an action for divorce commenced by service of a summons only, denied defendant's motion to vacate plaintiff's notice of voluntary discontinuance, unanimously affirmed, without costs.

Vacatur of plaintiff's notice of discontinuance was properly denied on the ground that even if " 'devious or unfair conduct' " may, if "particularly egregious", estop a party from asserting its absolute and unconditional right to discontinue a claim before service of the pleading asserting it, no such showing was made *(Giambrone v Giambrone,* 140 AD2d 206, 207). Concur—Ross, J. P., Asch, Rubin, Nardelli and Tom, JJ.