■ In the Matter of DEBORAH A. D., Respondent, v DAVID E. C., Appellant. (Appeal No. 2.) [630 NYS2d 959] —Appeal unanimously dismissed without costs. Same Memorandum as in *Matter of Deborah A. D. v David E. C.* (217 AD2d 1005 [decided herewith]). (Appeal from Order of Erie County Family Court, Rosa, J.—Paternity.) Present—Green, J. P., Lawton, Wesley, Doerr and Davis, JJ.

■ In the Matter of ANNA M. NICIT, Respondent, v JOHN J. NICIT, Appellant. [631 NYS2d 271] —Judgment unanimously affirmed with costs. Memorandum: In this proceeding to obtain a distribution of marital property following a foreign divorce judgment, Supreme Court properly determined that the appropriate date for the valuation of marital property was the commencement date of the instant proceeding rather than the commencement date of the prior unsuccessful divorce action (*see, Sullivan v Sullivan*, 201 AD2d 417; *see also, Marcus v Marcus*, 135 AD2d 216, 220-221; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:4, at 197). In view of the factors set forth in Domestic Relations Law § 236 (B) (5) (d), the equal division of marital property was not inequitable or an abuse of discretion (*see, Urtis v Urtis*, 181 AD2d 1001). The record supports the court's determination that respondent's transfer of over $117,000 to the parties' daughter constituted a wasteful dissipation of marital assets (*see,* Domestic Relations Law § 236 [B] [5] [d] [11]). We reject respondent's contentions that the award of counsel fees was not authorized pursuant to Domestic Relations Law § 237 (*see, Mattwell v Mattwell*, 194 AD2d 715, 717) and that the award constituted an abuse of discretion (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881). (Appeal from Judgment of Supreme Court, Seneca County, Harvey, J.—Equitable Distribution.) Present—Green, J. P., Lawton, Wesley, Doerr and Davis, JJ.