■ Lawrence E. Lagarenne et al., Respondents, v Mary A. Toomey, as Executrix of Alfred Ingber, Deceased, Appellant. [630 NYS2d 118] —Spain, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered August 10, 1994 in Sullivan County, upon a decision of the court in favor of plaintiffs following a nonjury trial.

Plaintiffs owned a 50% interest in Apollo Development Corporation, a real estate corporation, and Alfred Ingber (hereinafter decedent) owned the remaining 50%. On October 4, 1985 plaintiffs and decedent executed a comprehensive settlement agreement in an effort to end years of disputes and litigation; shortly thereafter they executed an undated addendum to the agreement. The agreement provided, *inter alia*, that decedent was to convey his 50% interest in Apollo to plaintiffs; decedent represented and guaranteed that there were no claims against the corporation and agreed to hold plaintiffs harmless for any loss resulting from any outstanding claims. The addendum provided, *inter alia*, that plaintiffs would reimburse decedent for any expenses not offset by income from the real property. The addendum also provided that the parties would be bound by the records of Bernard Pass, a certified public accountant intimately familiar with Apollo relative to the expenditures and income chargeable to the real property.

Plaintiffs commenced this action seeking reimbursement for payments made by them to clear certain claims against Apollo which were in existence at the time of the execution of the agreement; decedent counterclaimed alleging that there were expenses due him pursuant to the addendum. Supreme Court, after a nonjury trial, found that plaintiffs had established their claim but concluded that defendant* had failed in her burden on the counterclaim. Defendant appeals that portion of the judgment which dismissed the counterclaim.

---

* Defendant, as executor of decedent's estate, was substituted as defendant in this action prior to the trial.

Defendant asserts that Supreme Court erred when it rejected, as insufficient, the proof introduced by defendant on the counterclaim. Plaintiff Jack S. Ingber and Pass were the only witnesses to testify at the trial. Instead of producing Pass' records to establish the income and expenses of Apollo in support of her counterclaim, defendant offered a summary sheet identified by Pass as having been prepared by him.

We affirm. Supreme Court correctly determined that Pass' one-page handwritten summary and Pass' conclusory testimony concerning the summary and alleged expenses of Apollo were insufficient to establish that the sums listed were expenses as defined in the addendum. The record reveals that the undated summary sheet prepared by Pass was based upon records which were not produced at trial and were not in Pass' possession; further the summary does not identify, detail or explain the nature of the expenditures (*see, National States Elec. Corp. v LFO Constr. Corp.*, 203 AD2d 49, 50). Defendant did not produce Pass' records and, therefore, did not meet her burden of proof (*see, Matter of Grossman v Rankin*, 43 NY2d 493, 502). Supreme Court properly rejected as insufficient the proof introduced on the counterclaim, which was properly dismissed.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.