■ JAMES NEWMAN, Appellant, v JOAN NEWMAN, Respondent. [665 NYS2d 423] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated November 17, 1996, which, *inter alia,* upon granting the defendant wife's motion for pendente lite relief, (1) determined that the plaintiff husband's voluntary discontinuance of the action did not affect the defendant wife's right to pursue her purported counterclaim, and (2) awarded the defendant wife the sum of $2,152.48 per month in pendente lite child support.

Ordered that the order is reversed, on the law, with costs, the defendant wife's motion is denied, and the purported counterclaim is dismissed.

The plaintiff commenced this action by summons with notice in July 1995 seeking a divorce on the grounds of abandonment, constructive abandonment, and cruel and inhuman treatment. The defendant submitted a notice of appearance and demand for complaint. However, a complaint was never served or filed. On December 6, 1995, by order to show cause, the defendant moved for child support and other pendente lite relief. Simultaneously, the defendant served a paper denominated a

counterclaim for divorce based upon abandonment. The purported counterclaim was not interposed within an answer. In May 1996 the Supreme Court awarded the defendant pendente lite child support to be paid monthly. Thereafter, on August 27, 1996, the plaintiff served the defendant with a notice of discontinuance. On September 6, 1996, the defendant moved, *inter alia*, for a "determin[ation] that the plaintiff's notice of Voluntary Discontinuance did not terminate the action". The Supreme Court determined that the plaintiff's voluntary discontinuance did not terminate the entire action, which could proceed on the defendant's counterclaim. We disagree.

CPLR 3217 (a) (1) grants to a party asserting a claim the statutory right to discontinue that claim, without the need of a judicial order, simply by serving notice of discontinuance prior to the service of a responsive pleading or within 20 days after service of the pleading asserting the claim, whichever is earlier, and filing proof of service (*see, Battaglia v Battaglia,* 59 NY2d 778, *revg on dissenting mem below* 90 AD2d 930).

As in *Battaglia (supra,* at 933), neither a complaint nor a responsive pleading was ever served in this action, thereby giving to the plaintiff herein the "absolute and unconditional right to discontinue [his] action without seeking permission through a court order, merely through the service of the notice upon defendant" (*see, Giambrone v Giambrone,* 140 AD2d 206). When an action is discontinued, it is as if it had never been; everything done in the action is annulled and all prior orders in the case are nullified (*Brown v Cleveland Trust Co.,* 233 NY 399; *Weldotron Corp. v Arbee Scales,* 161 AD2d 708; *Miehle Print. Press & Mfg. Co. v Amtorg Trading Corp.,* 278 App Div 682).

Furthermore, since there is no provision in the CPLR for the service of a counterclaim where a summons is served without a complaint and a subsequent complaint is never filed (*see generally,* CPLR 3011, 3012; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3012:19, at 655-667), and since a counterclaim may only be interposed through service of an answer (*see, White v National Bondholders Corp.,* 191 Misc 536, *affd* 273 App Div 963; *see generally,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3011:3, at 626-627, 630-631), the purported counterclaim asserted by the defendant is a nullity. The defendant still has the same rights that she had before the plaintiff's action was commenced, including, among others, the right to commence her own matrimonial action asserting those claims set forth in the purported counterclaim (*see, Chandler v*

*Chandler,* 108 AD2d 1035). Thompson, J. P., Pizzuto, Joy and Florio, JJ., concur.