■ MARJORIE FUEGEL, Respondent-Appellant, v ERIC F. FUEGEL, Appellant-Respondent. [705 NYS2d 400] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated October 6, 1998, as (1) granted the plaintiff a divorce on the ground of cruel and inhuman treatment, (2) fixed the date of valuation of the marital assets as the date of the commencement of the action, and (3) directed an equal distribution of the marital assets, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as (1) determined that certain securities held by the defendant and his mother were separate property, (2) determined that the transfer of the home of the defendant's mother to the defendant was a gift and, therefore, separate property, (3) awarded her only $100 per week in maintenance, and (4) denied her request that the defendant be directed to provide for her medical insurance.

Ordered that the judgment is modified by (1) deleting the provision thereof finding that the home of the defendant's mother was separate property, and substituting therefor a provision that said property is marital property subject to equitable distribution, with the plaintiff entitled to 50% of the value thereof, and (2) deleting the provision thereof directing that the plaintiff provide her own medical insurance, and substituting therefor a provision directing that the defendant pay for the plaintiff's medical insurance; as so modified, the judgment

is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings in accordance herewith.

The defendant contends that the plaintiff failed to establish a ground for a divorce based on cruel and inhuman treatment. However, the plaintiff demonstrated through her own testimony and that of her therapist that the defendant's behavior so adversely affected her mental well-being that it became improper for her to cohabit with him (*see, French v French,* 262 AD2d 280; *Meltzer v Meltzer,* 255 AD2d 497). The defendant's contrary testimony that he did not engage in such behavior merely posed a credibility question which the court was entitled to resolve against him (*see, French v French, supra*; *Gadomski v Gadomski,* 245 AD2d 579). There is nothing in the record which would require this Court to disturb that determination on appeal (*see, Elkind v Berger,* 266 AD2d 339; *Tortorello v Tortorello,* 133 AD2d 683).

Contrary to the defendant's contention, the court properly determined that the appropriate date for the valuation of the marital property was the commencement date of the instant action rather than the commencement of a prior dismissed divorce action (*see, Nicit v Nicit,* 217 AD2d 1006; *Sullivan v Sullivan,* 201 AD2d 417; *Marcus v Marcus,* 135 AD2d 216).

It was a provident exercise of the court's discretion to award the plaintiff 50% of the marital property (*see, Granade-Bastuck v Bastuck,* 249 AD2d 444; *Kaplinsky v Kaplinsky,* 198 AD2d 212, 213; *Kalisch v Kalisch,* 184 AD2d 751).

We agree with the plaintiff's contention that the defendant failed to sustain his burden of proving that his mother's home, transferred to him during the course of the marriage, was separate property (*see, Lischynsky v Lischynsky,* 120 AD2d 824; *Pelletier v Pelletier,* 242 AD2d 325; *Seidman v Seidman,* 226 AD2d 1011, 1013). That property is to be divided equally between the parties.

Under the circumstances of this case, we also agree with the plaintiff's contention that the defendant should be directed to pay for her medical insurance (*see, Miness v Miness,* 229 AD2d 520; *Mulcahy v Mulcahy,* 170 AD2d 587). This insurance obligation is in addition to, and shall not be deducted from, the maintenance obligation (*see, Miness v Miness, supra*).

Given the foregoing, the court's award of $100 per week in maintenance was a provident exercise of discretion (*see, O'Sullivan v O'Sullivan,* 247 AD2d 597).

The plaintiff's remaining contentions are without merit. Joy, J. P., S. Miller, Friedmann and Florio, JJ., concur.