OPINION OF THE COURT
Judith J. Gtsche, J.
The gravamen of the dispute between the parties, on these motions, is whether the commencement date of a prior action of divorce should be utilized in determining whether property is “marital” or “separate” for equitable distribution purposes. *365 The resolution of this dispute is crucial because after the commencement of the first action for divorce, but before the commencement of the second action for divorce, husband received a substantial financial benefit from his employment in connection with an initial public offering (IPO). The IPO benefits are worth some $30 million. If the commencement date of the first action for divorce is the proper date for determining marital assets, then, by statute, the IPO is husband’s separate property. If, however, the court utilizes the commencement date of this action, then the IPO benefits are, by statutory definition, marital property.
The relevant undisputed history is as follows:
The parties were married on August 18,1990. They separated sometime in January 1997. The wife is a homemaker and the husband is a director at Goldman Sachs. They have three children, ages 10, 8, and 6, who primarily reside with the wife in the marital residence, a single-family home in Chappaqua, New York. The wife commenced the first action of divorce on or about March 30, 1998 (first action for divorce). As is sometimes customary in matrimonial actions, the first divorce action was commenced merely by the serving of a summons with notice. No complaint was ever served and none was demanded, even though defendant appeared in the action. The action otherwise proceeded to a preliminary conference and full discovery. A firm trial date was, thereafter, set by the court.
After the first action for divorce was commenced, the husband’s employer, Goldman Sachs, voted to become a public company. An IPO was made on May 7, 1999. In the first action for divorce, wife notified husband that she intended to make a claim for equitable distribution of these IPO benefits. Husband took the position that because the rights only came into existence after the divorce action had been commenced, she had no such right.
On October 29, 1999, just prior to trial, the wife served a notice that she was voluntarily discontinuing the first action for divorce. Husband moved to vacate that notice of discontinuance and the motion was denied by Justice Joan B. Lobis by order dated January 18, 2000. Husband argued that wife discontinued the action only to obtain equitable distribution of the IPO in a divorce action that was surely to be subsequently commenced. The trial court found that under CPLR 3217 (a) (1) wife had a right to discontinue her action, without court order, because no complaint had been served.
The Appellate Division unanimously affirmed Judge Lobis’ order. (McMahon v McMahon, 279 AD2d 346 [1st Dept 2001].) *366 The Appellate Division agreed with the trial court that wife had the statutory right to discontinue her first divorce action. Moreover, the Court rejected husband’s argument that there were equitable reasons to estop her from doing so. It did not, however, address the issue of whether this court could, in a subsequently commenced divorce action, utilize the commencement date of the first action for divorce in determining the extent of marital property. This open question is squarely before the court on the parties’ respective motions.
Discussion
Under the Domestic Relations Law, “marital property” is defined as “all property acquired by either or both spouses during the marriage and before the * * * commencement of a matrimonial action.” (Domestic Relations Law § 236 [B] [1] [c].) The statute provides a bright line “cut off” date in order to classify assets as either marital or separate. (Sullivan v Sullivan, 201 AD2d 417 [1st Dept 1994].) Under the statute, the commencement of a matrimonial action closes the marital pot and delineates between what is marital property and what is not. (Domestic Relations Law § 236 [B] [1] [c].) In general, the matrimonial action referred to in the statute is the action in which claims of equitable distribution are actually determined. (Anglin v Anglin, 80 NY2d 553 [1992]; Marcus v Marcus, 137 AD2d 131 [2d Dept 1988].) Once an asset has been characterized as marital, the court has broad discretion to value the asset as of any date from the commencement of the action until the date of trial. (Domestic Relations Law § 236 [B] [4] [b]; Breese v Breese, 256 AD2d 433 [2d Dept 1998].)*
Husband argues that where there have been serially commenced actions for divorce, the court has the discretion to utilize the commencement date of a divorce action commenced earlier in time to classify the assets. He further argues that because the wife only discontinued the first divorce action to include the IPO benefits in the marital pot, the facts of this case warrant reverting back to the commencement date of the prior divorce action.
This court disagrees.
*367 The statute was designed to present a clear standard by which the courts could classify the parties’ assets for equitable distribution purposes. To the extent the statute refers to the commencement of “a” matrimonial action, husband assumes too much in arguing that it refers to “any” matrimonial action commenced at any time between the parties. A plain reading of the statute requires a conclusion that the matrimonial action referenced in the statute is the one actually pending before the court at the time equitable distribution is determined.
In urging this court to accept the earlier action commencement date, husband relies upon a line of cases decided in the Appellate Division, Second Department. Thus, in Thomas v Thomas (221 AD2d 621 [2d Dept 1995]) and Lamba v Lamba (266 AD2d 515 [2d Dept 1999]), the Second Department held that a prior discontinued action was the proper calculation date to value a pension in each respective action because to hold otherwise would confer a windfall on the other spouse. Significantly, even in the Second Department, utilizing an earlier action commencement date to classify marital property is the exception, not the norm. (Fuegel v Fuegel, 271 AD2d 404 [2d Dept 2000]; Marcus v Marcus, 135 AD2d 216 [2d Dept 1988]; see also, Matter of Nicit v Nicit, 217 AD2d 1006 [4th Dept 1995].)
There is no case in the First Department which adopts the suggested exception to the statutory language. The reported cases in this Department suggest a different approach when the discontinuance of an earlier action produces an unfair result for the other party. Thus, in Giambrone v Giambrone (140 AD2d 206 [1988]) and Cohen v Cohen (209 AD2d 329 [1994]) the First Department recognized a remedy of estoppel where the discontinuance was for unfair or devious reasons. Estoppel, however, should only be applied where the conduct is particularly egregious. (Giambrone v Giambrone, supra.) The First Department approach is more consistent with the Court of Appeals case of Battaglia v Battaglia (59 NY2d 778 [1983]) which held that a tactical discontinuance to take advantage of equitable distribution laws was not improper if otherwise authorized by statute.
At bar, the trial court and the appellate court, in the first divorce action, expressly declined to estop the wife from discontinuing her first action of divorce. The husband may not, on this motion, accomplish what he could not do in the first action for divorce, that is, utilize the commencement date of the discontinued action for purposes of defining marital assets. The *368 fact that a subsequent action may limit the rights of the respective parties is not sufficient reason to estop a party from discontinuing a prior action. (Giambrone v Giambrone, supra.) Likewise, it cannot be enough to support a claim that the commencement date of the action is appropriate for classification of marital assets.
Notably, the harm claimed is not as great as husband perceives. The court’s right to exercise discretion in marital distribution cases does not lie in the statutory definitions which control classification of martial assets. The discretion lies in the court’s power to determine a percentage of distribution that it considers equitable, depending upon the factors of each particular case. If husband succeeds in convincing this court that wife’s contributions in obtaining the IPO benefits were negligible, then this court may take it into consideration when distributing this asset.
Conclusion
Accordingly, the court denies plaintiffs motion and cross motion to the extent indicated herein.

 The parties on these motions interchangeably refer to “commencement date” and “valuation date.” They are, however, not the same concept. The commencement date is important to classify property as either marital or separate. In distinction, a valuation date may, in the court’s discretion, be set at any time from the commencement date until the date of trial.