**Joan LAWRENCE, Carl Lawrence, Plaintiffs–Appellants,**

v.

**HOUSEHOLD INTERNATIONAL, INC., Beneficial Mortgage Corporation, Defendants–Appellees.**

No. 04–1387–CV.

United States Court of Appeals, Second Circuit.

Jan. 11, 2005.

Joan Lawrence, Carl Lawrence, Bronxville NY, for Appellant, pro se.

Lee A. Pollock, Pollock & Maguire, LLP, White Plains, NY, for Appellees.

Present: WINTER, SOTOMAYOR, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Brieant, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Joan and Carl Lawrence, *pro se*, appeal from a judgment entered in the United States District Court for the Southern District of New York (Brieant, J.), granting the defendants' motion to dismiss the Lawrences' tort and contract complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts and procedural history of this matter.

The Lawrences contend that the district court erroneously dismissed their complaint for lack of subject matter jurisdiction. On appeal from a dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *See Luckett v. Bure,* 290 F.3d 493, 496 (2d Cir.2002). Under

the *Rooker–Feldman* doctrine, "inferior federal courts lack subject matter jurisdiction 'over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only be way of a certiorari petition to the Supreme Court.'" *Phifer v. City of New York,* 289 F.3d 49, 55 (2d Cir.2002) (quoting *Moccio v. N.Y. State Office of Court Admin.,* 95 F.3d 195, 197 (2d Cir.1996)). "In addition to claims that were actually litigated in state court, the *Rooker–Feldman* doctrine bars lower federal courts from exercising jurisdiction over claims that are 'inextricably intertwined' with state court determinations." *Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir.2002). In *Moccio,* this Court explained that "inextricably intertwined" means that "where a federal plaintiff had an opportunity to litigate a claim in a state proceeding (as either the plaintiff or defendant in that proceeding), subsequent litigation of the claim will be barred under the *Rooker–Feldman* doctrine if it would be barred under the principles of preclusion." *Id.* at 199–200. For substantially the reasons set forth by the district court, we conclude that the Lawrences' claims are barred from federal review under the *Rooker–Feldman* doctrine.

The Lawrences suggest, however, that *Rooker–Feldman* does not apply here because they did not have the opportunity to litigate their breach of contract, defamation and tortious interference with contract claims in the first state foreclosure action, because the state court dismissed the entire action—including the Lawrences' counterclaims—pursuant to a voluntary stipulation of discontinuance by all parties. A stipulation of discontinuance annuls an action "as if it had never been." *See Newman v. Newman,* 245 A.D.2d 353, 354, 665

N.Y.S.2d 423 (2d Dep't 1997); *id.* (holding defendant wife's counterclaim in voluntarily discontinued divorce action a "nullity" and that she retained "the same rights that she had before the plaintiff's action was commenced, including, among others, the right to commence her own matrimonial action asserting those claims set forth in the purported counterclaim"). The question of whether the voluntary discontinuance qualified as a forfeiture of the "opportunity to litigate" under *Rooker–Feldman* is a difficult question that we need not reach, as the Lawrences had another opportunity to litigate their claims in the subsequent action seeking cancellation of the erroneous satisfaction of the mortgage. The complaint in that action referenced the events underlying the Lawrences' tort claims. The New York State Supreme Court struck their Answer for failure to comply with a discovery order, and any counterclaims asserted in their Answer were not considered by the state court because of the sanction that they incurred. The Lawrences had the *opportunity* to litigate the claims, but they gave up that right when they failed to comply with the discovery order.[1]

For these reasons, the district court's judgment is AFFIRMED.

---

1. We note that another foreclosure proceeding against the Lawrences is pending in New York State Supreme Court. *Cf. Wolf v. National Council of Young Israel,* 264 A.D.2d 416, 416–18, 694 N.Y.S.2d 424 (2d Dep't 1999) (adjudicating counterclaims sounding in tort in foreclosure action in New York Supreme Court)