OPINION OF THE COURT
Erin M. Peradotto, J.
I. Background
The plaintiff commenced an action for divorce by filing a sum- *791 mans with notice on July 31, 2003 and personally serving same on the defendant on August 5, 2003. The plaintiff asserts that, although she had retained counsel to negotiate a divorce settlement, she did not authorize her attorney to commence an action and was not aware that an action had been commenced. It is undisputed that the parties attempted to negotiate a settlement after the first action was commenced, but no agreement was reached. The defendant was not represented by counsel during the negotiations.
The plaintiff subsequently discharged her counsel and retained new counsel who commenced a second action by filing a summons with notice on March 22, 2004 and personally serving same on the defendant on March 25, 2004. The defendant served a notice of appearance and demand for complaint in the second action on April 23, 2004. The plaintiff served a complaint in the second action on June 21, 2004. The parties engaged in discovery and a request for judicial intervention in the second action was filed on August 2, 2004. Both counsel appear to have been unaware of the first action until March 2005.
On May 2, 2005, the defendant served a notice of appearance and demand for complaint in the first action and thereafter filed the within motion to dismiss the second action. On June 3, 2005, the plaintiff served a notice of discontinuance in the first action pursuant to CPLR 3217 (a) (1) and filed an affidavit of service of that notice on June 7, 2005. The defendant filed a paper denominated “Counterclaim” on June 6, 2005. It is unclear when the counterclaim was served, but an affidavit of service was filed on June 7, 2005. The counterclaim was not interposed with an answer.
II. Decision
Under CPLR 3217 (a) (1), a plaintiff has the absolute and unconditional right to discontinue an action without seeking a court order, through, the service of a notice of discontinuance prior to the service of a responsive pleading or within 20 days after service of the pleading asserting the claim, whichever is earlier, and filing proof of service. (See Newman v Newman, 245 AD2d 353, 354 [1997], citing Battaglia v Battaglia, 59 NY2d 778 [1983]; Giambrone v Giambrone, 140 AD2d 206, 206-207 [1988].)
Here, neither a complaint nor a responsive pleading was served in the first action. “The relevant pleading that, if served, narrows the plaintiffs options to the other provisions of CPLR 3217, is the complaint rather than the summons . . . [S]ervice *792 of a summons with notice, without service of the complaint, is not a pleading for purposes of the section.” (McMahon v McMahon, 279 AD2d 346, 348 [2001].) Contrary to the defendant’s assertions, service of the purported counterclaim, irrespective of the delay of that service, does not constitute service of a responsive pleading. The defendant’s counterclaim is a nullity because it was not interposed through the service of an answer to a complaint. (See Broder v Broder, 59 NY2d 858 [1983]; Newman v Newman, 245 AD2d 353, 354 [1997].) Additionally, the CPLR does not provide for service of a counterclaim where a summons is served without a complaint and a subsequent complaint is never filed. (Newman, 245 AD2d at 354; see generally, CPLR 3011, 3012.)
Finally, the delay in pleading in this case was not the result of any devious or unfair conduct that might constitute grounds for equitable estoppel. (See Battaglia, 59 NY2d 778 [1983].)
“Even if under special circumstances ‘devious or unfair conduct’ may estop a party from asserting his statutory right to discontinue under CPLR 3217 (a) (1), ... a court’s power to invoke equitable jurisdiction to vacate a notice must be limited to instances when the conduct is particularly egregious and amounts to more than just an altering of the respective rights of the parties” (Giambrone, 140 AD2d at 207).
Based on the circumstances in this case, this court finds that such “devious and unfair conduct” is not present.
Because neither a complaint nor responsive pleading was served or filed in the first action, this court lacks authority to deny the plaintiff her right to discontinue her first action under CPLR 3217 (a) (1). (See Broder v Broder, 59 NY2d 858 [1983].)
Based on the foregoing, it is hereby ordered that the defendant’s motion to dismiss the second action is denied.