■ THOMAS THOMA, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Appellants. [988 NYS2d 478]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 18, 2013, which denied defendants' motion to vacate plaintiff's notice of voluntary discontinuance as against defendant Port Authority of New York and New Jersey (Port Authority) as untimely, unanimously affirmed, without costs, insofar as appealed from by the Port Authority. Appeal from the same order by defendants Tishman Construction Corporation of New York and Tishman Construction Corporation (Tishman), unanimously dismissed, without costs.

Plaintiff commenced this action by filing the summons and complaint with the New York County Clerk on April 11, 2012, and serving them on the Port Authority on April 13, 2012 and on Tishman on April 19, 2012. The complaint caption incorrectly named plaintiff, resulting in the parties entering into a stipulation to correct the caption on May 2, 2012. The stipulation further provided that plaintiff would file an amended complaint with the proper caption, that defendants were not required to respond to the original complaint, and that the time for defendants to answer or otherwise act with respect to either the complaint or the amended complaint was extended.

Thereafter, on May 12, 2012—26 days after the summons and complaint were served on Port Authority and 20 days after they were served on Tishman—plaintiff served and filed a notice of discontinuance without prejudice pursuant to CPLR 3217 (a) (1) as against all defendants, without amending the complaint. Two days later, plaintiff commenced an action against the same defendants in Supreme Court, Bronx County, and asserted the same claims.

Defendants moved to vacate the notice of discontinuance as against Port Authority alleging that, because no responsive

pleading to the complaint was required by the stipulation, plaintiff had to serve any notice of discontinuance within 20 days of service of the complaint pursuant to CPLR 3217.

The motions were properly denied. At this stage of the action, plaintiff has an "absolute and unconditional right" to discontinue without prejudice pursuant to CPLR 3217 (a) (1) (*Giambrone v Giambrone*, 140 AD2d 206 [1st Dept 1988]).

The Tishman entities are not aggrieved by the motion court's denial of the motion to vacate the notice of discontinuance as against the Port Authority. Accordingly, we nostra sponte dismissed their appeal. Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Clark, JJ.