■ CHELLAPPA SHANMUGAM, Respondent, v SCI ENGINEERING, P.C., et al., Defendants, and SHAHID IQBAL, Appellant. [996 NYS2d 252]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 23, 2013, after a jury trial, in favor of plaintiff, unanimously affirmed, with costs.

The court properly precluded defendant Shahid Iqbal (defendant) from presenting testimony concerning the value of defendant company's carry-forward contracts, accounts receivable, and monthly billings, since the best evidence rule requires production of those documents themselves, and since defendant did not proffer an adequate explanation for his failure to produce the documents (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643-644 [1994]). Because testimony on the value of the assets at issue would be based on the contents of the unproduced documents, any such testimony would also be inadmissible hearsay (see Soho Generation of N.Y. v Tri-City Ins. Brokers, 256 AD2d 229, 232 [1st Dept 1998]). Similarly, the court properly precluded any testimony concerning client dissatisfaction with defendant company, as such testimony would be based on the client's out-of-court statements and would constitute inadmissible hearsay (see People v Brensic, 70 NY2d 9, 14 [1987]). The prelitigation letter by defendant to plaintiff explaining his refusal to pay on the notes at issue was also properly precluded as inadmissible hearsay (see id.). Defendant's alleged availability to testify at trial about the contents of the letter does not, alone, render the letter admissible (see Nucci v Proper, 95 NY2d 597, 602-603 [2001]). Lastly, the court properly precluded defendant's summary of customer revenues for 2012; even if relevant, the summary is inadmissible under the best evidence rule, as it is based on defendant company's books and records, which defendant, without explanation, failed to produce during discovery (Schozer, 84 NY2d at 643-644; see also National States Elec. Corp. v LFO Constr. Corp., 203 AD2d 49, 50 [1st Dept 1994]). Concur—Gonzalez, P.J., Tom, Renwick and Gische, JJ.