# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1010**
**CA 15-01022**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

DEBORAH DRAKE, PLAINTIFF-APPELLANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICHARD MUNDRICK, DEFENDANT-RESPONDENT-APPELLANT.

---

MAUREEN A. PINEAU, ROCHESTER, FOR PLAINTIFF-APPELLANT-RESPONDENT.

ALLEN & O'BRIEN, ROCHESTER (STUART L. LEVISON OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order and judgment (one paper) of
the Supreme Court, Monroe County (Elma A. Bellini, J.), entered April
27, 2015.  The order and judgment, inter alia, distributed certain
marital property.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously reversed on the law without costs and the matter is
remitted to Supreme Court, Monroe County, for further proceedings in
accordance with the following memorandum:  On September 12, 2011,
plaintiff commenced this action for equitable distribution following
the issuance of an amended foreign judgment of divorce.  Before the
nonjury trial commenced, Supreme Court informed the parties that the
court would use the date of commencement of the foreign action of
divorce, i.e., May 1, 2007, as the date for valuation of the marital
property.  We agree with defendant that the court erred in using the
2007 date instead of the 2011 date as the valuation date.

Domestic Relations Law § 236 (B) (4) (b) provides that, "[a]s
soon as practicable after a *matrimonial action* has been commenced, the
court shall set the date or dates the parties shall use for the
valuation of each asset.  The valuation date or dates may be anytime
from the date of commencement of the action to the date of trial"
(emphasis added).  Both the action for dissolution of the marriage in
2007 and this action "to obtain . . . distribution of marital property
following a foreign judgment of divorce" are included in the statutory
section entitled "[m]atrimonial actions" (§ 236 [B] [2] [a]).
Nevertheless, we conclude that the date of commencement of the foreign
action could not serve as the valuation date for equitable
distribution of the marital property because the foreign action for
divorce was not "an action in which equitable distribution [was]
available," and the foreign court in this case thus lacked
jurisdiction over any of the parties' marital assets (*Anglin v Anglin*,
80 NY2d 553, 557; *see Sullivan v Sullivan*, 201 AD2d 417, 417; *see also*

*Matter of Nicit v Nicit*, 217 AD2d 1006, 1006, *appeal dismissed and lv denied* 86 NY2d 883, *rearg denied* 87 NY2d 918, *cert denied* 517 US 1120). As counsel for defendant conceded at oral argument, a new trial on equitable distribution is required where, as here, we have determined that the court used an incorrect valuation date.

Based on our resolution of the issue concerning the proper valuation date, we do not address the parties' remaining contentions, including defendant's contention that the court erred in admitting, as a business record, a summary benefit statement that had no "independent business function" (*R & I Elecs. v Neuman*, 81 AD2d 832, 833, *lv denied* 54 NY2d 605) and "was not prepared in the regular course of business so as to qualify for admission as a business record" (*National States Elec. Corp. v LFO Constr. Corp.*, 203 AD2d 49, 50; *see Equidyne Corp. v Vogel*, 160 AD2d 389, 390; *cf. Flour City Architectural Metals Corp. v Gallin & Son*, 127 AD2d 559, 559).

We therefore reverse the order and judgment and remit the matter to Supreme Court for a new trial and determination on equitable distribution using the 2011 date as the valuation date.

Entered: November 18, 2016 Frances E. Cafarell
Clerk of the Court