(February 22, 2017)

■ 76-82 St. Marks, LLC, Appellant, v Cindy Gluck, Respondent, et al., Defendant. [48 NYS3d 210]—

Appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Yvonne Lewis, J.), dated March 3, 2015. The order and judgment granted the motion of the defendant Cindy Gluck pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, made at the close of the plaintiff's case, and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff commenced this action to recover damages for breach of a personal guaranty of a commercial lease. At trial, the plaintiff proffered a faxed copy of the guaranty agreement which, on its face, was an incomplete document, since only the last two lines of what should have been paragraph 4 were included on the second page of the purported guaranty. The plaintiff attempted to have the copy admitted into evidence pursuant to a response to its notice to admit by the defendant Cindy Gluck, in which she admitted that the exhibit was a true and complete copy of the guaranty agreement. However, the Supreme Court permitted Gluck to withdraw her response to the notice to admit. The court further denied admission of the copy of the guaranty. At the close of the plaintiff's case, Gluck moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, arguing that the plaintiff failed to make a prima facie case regarding the terms of the

guaranty or its damages. The Supreme Court granted the motion and entered judgment against the plaintiff dismissing the complaint. The plaintiff appeals.

The Supreme Court providently exercised its discretion in permitting Gluck to withdraw her admission that the copy of the guaranty was a true and complete copy of the guaranty agreement, since the admission was at the heart of the controversy and was contrary to Gluck's previously submitted pleading (*see* CPLR 3123 [b]; *Voigt v Savarino Constr. Corp.*, 94 AD3d 1574 [2012]; *Riner v Texaco, Inc.*, 222 AD2d 571 [1995]). The plaintiff could not have reasonably believed that the authenticity and completeness of the copy of the guaranty, which was on its face missing a portion of paragraph 4, would not be in "substantial dispute at the trial" (CPLR 3123 [a]; *see Nacherlilla v Prospect Park Alliance, Inc.*, 88 AD3d 770, 771 [2011]).

Moreover, the Supreme Court properly determined that the proffered copy of the guaranty was inadmissible as secondary evidence of the terms of the guaranty or pursuant to CPLR 4539 (a). Under an exception to the best evidence rule, "secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence and has not procured its loss or destruction in bad faith" (*Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 644 [1994] [citations omitted]; *see Amica Mut. Ins. Co. v Kingston Oil Supply Corp.*, 134 AD3d 750, 752 [2015]; *Kliamovich v Kliamovich*, 85 AD3d 867, 869 [2011]). Once the absence of an original document is excused, all competent secondary evidence is generally admissible to prove its contents (*see Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d at 645). However, the proponent of the secondary evidence has a "heavy burden of establishing, preliminarily to the court's satisfaction, that it is a reliable and accurate portrayal of the original" (*id.*; *see People v Joseph*, 86 NY2d 565, 570 [1995]; *Stathis v Estate of Karas*, 130 AD3d 1008, 1010 [2015]). "Thus, as a threshold matter, the trial court must be satisfied that the proffered evidence is authentic and 'correctly reflects the contents of the original' before ruling on its admissibility" (*Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d at 645, quoting *United States v Gerhart*, 538 F2d 807, 809 [8th Cir 1976]; *see Marion v Coon Constr. Co.*, 216 NY 178, 182 [1915]).

Here, even if the plaintiff sufficiently explained the unavailability of the original guaranty (*see Glatter v Borten*, 233 AD2d

166, 168 [1996]), it failed to meet its heavy burden of establishing that the proffered copy was a reliable and accurate portrayal of the original (*see Stathis v Estate of Karas*, 130 AD3d at 1010-1011; *Bell Atl. Yellow Pages v Havana Rio Enters.*, 184 Misc 2d 863, 867 [Civ Ct, NY County 2000]). The plaintiff's principal was not present when the original guaranty was executed, and thus could not testify as to whether the original guaranty was similarly missing a portion of paragraph 4, while Gluck testified that the guaranty she executed contained complete paragraphs. Further, the copy was not satisfactorily identified as a copy of the guaranty so as to be admissible as a reproduction pursuant to CPLR 4539 (a) (*see People v Rosa*, 156 AD2d 733, 734 [1989]; *cf. Kaliontzakis v Papadakos*, 69 AD3d 803, 805 [2010]; *see also Citibank [South Dakota] N.A. v Improta*, 47 Misc 3d 1202[A], 2015 NY Slip Op 50361[U] [Civ Ct, Richmond County 2015]).

The plaintiff had the burden of proving the existence, terms, and validity of the guaranty (*see Amica Mut. Ins. Co. v Kingston Oil Supply Corp.*, 134 AD3d at 752; *Verizon N.Y., Inc. v Barlam Constr. Corp.*, 90 AD3d 1537 [2011]). Absent evidence of the complete terms of the guaranty, the plaintiff failed to establish its prima facie case (*see Citibank [South Dakota], N.A. v Abraham*, 138 AD3d 1053, 1056 [2016]; *Wong v Wong*, 86 AD3d 439 [2011]; *Ellen v Lauer*, 210 AD2d 87, 88 [1994]). Furthermore, Gluck is correct that the plaintiff failed to make a prima facie case regarding its damages, since the summary chart of charges and payments made under the lease was prepared solely in anticipation of litigation and should not have been received in evidence, and the plaintiff failed to provide any underlying documents to establish the proper charges and payments made (*see* CPLR 4518 [a]; *National States Elec. Corp. v LFO Constr. Corp.*, 203 AD2d 49 [1994]; *Equidyne Corp. v Vogel*, 160 AD2d 389 [1990]; *Wilson v Bodian*, 130 AD2d 221, 229-230 [1987]).

Accordingly, the Supreme Court properly granted Gluck's motion for judgment as a matter of law dismissing the complaint (*see* CPLR 4401; *Armonk Snack Mart, Inc. v Robert Porpora Realty Corp.*, 138 AD3d 1045 [2016]).

In light of our determination, the plaintiff's contentions regarding Gluck's affirmative defenses have been rendered academic (*cf. Ross Realty v v & A Fabricators, Inc.*, 42 AD3d 246, 251 [2007]). The plaintiff's remaining contentions are without merit. Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.