Deutsch v Deutsch (2024 NY Slip Op 05786)

Deutsch v Deutsch

2024 NY Slip Op 05786

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2021-00494
 (Index No. 202973/18)

[*1]Esther R. Deutsch, appellant,
v
Maurice Deutsch, etc., respondent.

Allen Schwartz, Brooklyn, NY, for appellant.
Ressler & Associates, White Plains, NY (Jessica H. Ressler and Meredith J. Kenyon of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas A. Rademaker, J.), entered December 15, 2020. The order denied the plaintiff's motion to enforce a postnuptial agreement between the parties.
ORDERED that the order is affirmed, with costs.
The parties were married on September 10, 1998. In December 2018, the plaintiff commenced this action for a divorce and ancillary relief. Thereafter, the plaintiff moved to enforce a postnuptial agreement she alleged she and the defendant entered into in August 2000. The plaintiff attested, inter alia, that the defendant stole and destroyed the original postnuptial agreement, and she submitted a purported copy of the postnuptial agreement, which was unsigned and undated. The defendant opposed the motion, contending, among other things, that he did not steal or destroy the original postnuptial agreement and that the purported copy of the postnuptial agreement was not an accurate portrayal of the original. In an order entered December 15, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"The best evidence rule requires the production of an original writing where its contents are in dispute and are sought to be proven" (Stathis v Estate of Karas, 130 AD3d 1008, 1009; see Mutlu v Mutlu, 177 AD3d 979, 980). "The rule serves mainly to protect against fraud, perjury, and inaccuracies derived from faulty memory" (Mutlu v Mutlu, 177 AD3d at 980). Under an exception to the rule, "secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence and has not procured its loss or destruction in bad faith" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644 [citations omitted]; see Mutlu v Mutlu, 177 AD3d at 980). The proponent of the secondary evidence "has the heavy burden of establishing, preliminarily to the court's satisfaction, that it is a reliable and accurate portrayal of the original. Thus, as a threshold matter, the trial court must be satisfied that the proffered evidence is authentic and correctly reflects the contents of the original before ruling on its admissibility" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 645 [internal quotation marks omitted]; see Stathis v Estate of Karas, 130 AD3d at 1010).
Here, even though the plaintiff sufficiently explained the unavailability of the original postnuptial agreement (see Kliamovich v Kliamovich, 85 AD3d 867, 869), she failed to meet her heavy burden of establishing that the proffered copy was a reliable and accurate portrayal of the original (see 76-82 St. Marks, LLC v Gluck, 147 AD3d 1011, 1012-1013). Although the plaintiff's former counsel attested that he retained a final, unsigned digital copy of the postnuptial agreement, which was purportedly identical to the original postnuptial agreement signed by the parties, the digital copy contained grammatical errors and different fonts throughout the document. Since the defendant contended that the copy submitted by the plaintiff was not an accurate portrayal of the original (see id.), the plaintiff failed to establish her heavy burden of showing that the proffered copy was reliable and accurate.
Accordingly, the Supreme Court properly denied the plaintiff's motion to enforce the postnuptial agreement between the parties.
The defendant's remaining contention need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court