■ JANICE DeLUISE, Respondent, v ANTHONY DeLUISE, Appellant. (Action No. 1.) ANTHONY DeLUISE, Appellant, v JANICE DeLUISE, Respondent. (Action No. 2.) [733 NYS2d 598] —Order, Supreme Court, New York County (Joan Lobis, J.), entered February 7, 2001, which, in Action No. 1, denied appellant husband's motion to vacate plaintiff wife's notice of discontinuance and denied appellant's motion for leave to interpose a counterclaim, and order, same court and Justice, entered March 23, 2001, which, in Action No. 2, denied appellant's motion to determine marital property as of the date Action No. 1 was commenced, unanimously affirmed, without costs.

In Action No. 1, plaintiff wife had an absolute and unconditional right, prior to service of the complaint, to discontinue on notice pursuant to CPLR 3217 (a) (*see, McMahon v McMahon,* 279 AD2d 346, 348). Appellant husband did not establish egregious conduct sufficient to warrant vacatur of plaintiff's notice of discontinuance on equitable grounds (*see, id.,* at 349). Since plaintiff properly discontinued Action No. 1 pursuant to CPLR 3217 (a), appellant's motion to motion to interpose a counterclaim in that action was properly denied (*see, Newman v Newman,* 245 AD2d 353).

We do not disturb the motion court's determination in Action No. 2 that marital property would be deemed to accrue until commencement of that action and would not cease to accrue as of the commencement of Action No. 1 (*see,* Domestic Relations Law § 236 [B] [1] [c]), only because the court recognized that it will need to take into consideration the first action and the circumstances of its discontinuance along with the other relevant factors. Concur—Sullivan, P. J., Nardelli, Tom, Saxe and Friedman, JJ.