■ ELLEN MINKOW, Appellant, v ELLIOT D. METELKA, Respondent. [848 NYS2d 706]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated September 13, 2006, as denied her motion to vacate an order of the same court dated June 14, 2006, which granted the defendant's oral application to vacate her notice of voluntary discontinuance.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although a plaintiff has an "absolute and unconditional" right to discontinue an action prior to the service of a responsive pleading (see CPLR 3217 [a]; Newman v Newman, 245 AD2d 353, 354 [1997]; Knitwork Prods. Corp. v Helfat, 234 AD2d 345, 346 [1996]), that right may be waived by the plaintiff's conduct in the action. Here, despite the fact that no pleadings were ever served, the plaintiff did not attempt to exercise her right to discontinue until it became apparent at trial that the Supreme Court was likely to rule against her with respect to the scope of the issues to be considered in determining the distribution of the marital estate. At that point in the litigation, however, a preliminary conference had been held, the grounds for the divorce had been established at an inquest, the court had granted the judgment of divorce, holding its entry in abeyance pending resolution of the ancillary issues, and the equitable distribution trial had begun. The plaintiff knowingly and willingly participated in the trial on the "assumption" that pleadings had been served, and declined, in response to a direct question from the court, to object to the continuation of the trial in the absence of pleadings. Since these circumstances clearly demonstrate the plaintiff's voluntary relinquishment of a known right (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]), the Supreme Court correctly concluded that the plaintiff waived her right to discontinue, and providently exercised its discretion in declining to vacate the order granting the defendant's oral application to vacate the plaintiff's notice of voluntary discontinuance. Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.