◼ SIDNEY HIRSCHFELD, Respondent, v MICHAEL F. HOGAN et al., Appellants. [874 NYS2d 585]—

In an action for declaratory and injunctive relief, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered November 26, 2007, as denied those branches of their cross motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (3), (5) and (7), and granted that branch of the

plaintiff's motion which was for summary judgment declaring that both Mental Hygiene Legal Service and a voluntary patient at a mental health facility under the age of 16 years have the right to request that patient's release from such a facility pursuant to Mental Hygiene Law § 9.13 (b).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment declaring that both Mental Hygiene Legal Service and a voluntary patient at a mental health facility under the age of 16 years have the right to request that patient's release from such a facility pursuant to Mental Hygiene Law § 9.13 (b) is denied, that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3) for lack of standing is granted, and those branches of the defendant's cross motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) are denied as academic.

"Standing is an element of the larger question of justiciability. The various tests that have been devised to determine standing are designed to ensure that the party seeking relief has a sufficiently cognizable stake in the outcome so as to 'cast[ ] the dispute in a form traditionally capable of judicial resolution' " (*Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 154-155 [1994], quoting *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773 [1991] [citations omitted]). "Often informed by considerations of public policy, *the standing analysis is, at its foundation, aimed at advancing the judiciary's self-imposed policy of restraint, which precludes the issuance of advisory opinions*" (*Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d at 155 [citations omitted and emphasis added]). "The courts of New York do not issue advisory opinions for the fundamental reason that in this State 'the giving of such opinions is not the exercise of the judicial function'. . . Thus, *courts may not issue judicial decisions which 'can have no immediate effect and may never resolve anything' " (*Simon v Nortrax N.E., LLC*, 44 AD3d 1027 [2007], quoting *New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531 [1977] [citation omitted and emphasis added]).

Here, the relief granted by the Supreme Court constituted an impermissible advisory opinion, as it will have no immediate effect and may never resolve any actual dispute or controversy (*see New York Pub. Interest Research Group v Carey*, 42 NY2d at 531; *Simon v Nortrax N.E., LLC*, 44 AD3d at 1027). As such, rather than granting the relief, the Supreme Court should have dismissed the complaint for lack of standing (*see New York Pub.*

*Interest Research Group v Carey*, 42 NY2d at 532). Fisher, J.P., Angiolillo, Balkin and Belen, JJ., concur. [*See* 18 Misc 3d 531.]