■ CHARLES TUTT, Appellant, v JOAN TUTT, Respondent. [878 NYS2d 760]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated February 29, 2008, as granted that branch of the defendant's motion which was to vacate the plaintiff's notice of discontinuance.

Ordered that the order is affirmed insofar as appealed from, with costs.

In December 2005 the husband commenced this divorce action by filing a summons with notice. He served the wife in April 2006 and she filed a demand for the complaint. In a preliminary conference stipulation and order signed by the parties and their attorneys and so-Ordered by the court, the husband agreed to serve a complaint on or before December 1, 2006, the date from which the "timeliness of a notice of discontinuance under CPLR 3217 (a)" would be determined. The litigation proceeded without the filing of pleadings, and the parties conducted extensive discovery. In November 2007, two months before the scheduled trial date, the husband served and filed a notice of discontinuance, and the next day, he filed an action for divorce in Florida.

Pursuant to CPLR 3217 (a) (1), a party may discontinue an action without court order by serving "a notice of discontinuance at any time before a responsive pleading is served or within twenty days after service of the pleading asserting the claim, whichever is earlier." Where no pleadings have been served, therefore, the plaintiff has the "absolute and unconditional right" to discontinue the action by serving a notice of discontinuance upon the defendant without seeking judicial permis-

sion (*Battaglia v Battaglia*, 59 NY2d 778 [1983], *revg on dissenting mem* 90 AD2d 930, 933 [1982]; *see DeLuise v DeLuise*, 288 AD2d 135, 136 [2001]; *Newman v Newman*, 245 AD2d 353 [1997]).

The right to discontinue a divorce action under CPLR 3217 (a) (1) may be waived, however, under circumstances demonstrating the plaintiff's voluntary and knowing relinquishment of that right (*see Minkow v Metelka*, 46 AD3d 864 [2007]; *cf. Giambrone v Giambrone*, 140 AD2d 206, 207 [1988]). "A valid waiver requires no more than the voluntary and intentional abandonment of a known right which, but for the waiver would have been enforceable," and it "may arise by either an express agreement or by such conduct or a failure to act as to evince an intent not to claim the purported advantage" (*Golfo v Kycia Assoc., Inc.*, 45 AD3d 531, 532-533 [2007] [internal quotation marks omitted]; *see Peck v Peck*, 232 AD2d 540 [1996]). "A so-ordered stipulation is a contract between the parties thereto and as such, is binding on them and will be construed in accordance with contract principles and the parties' intent" (*Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446, 447 [2006] [internal quotation marks omitted]).

By the clear and unambiguous terms of the so-Ordered stipulation here, the husband waived his right to serve a notice of discontinuance more than 20 days after December 1, 2006, and thereby discontinue the action pursuant to CPLR 3217 (a). His notice of discontinuance served in November 2007, therefore, was a nullity, and the Supreme Court properly vacated it upon the wife's motion.

In light of our determination, the husband's remaining contentions have been rendered academic. Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur.