OPINION OF THE COURT
Daniel Palmieri, J.
The motion by the defendant wife for enforcement of a certain interim stipulation between the parties dated June 17, 2010, including appointment of the defendant as attorney-in-fact for the purpose of transferring to her title to the marital residence, for consolidation of this action with Lisa Hammer v Frank Hammer (Nassau County index No. 202394/11), and for attorney’s fees, is granted as set forth in this order.
The additional motion by the defendant wife for an order vacating the plaintiffs notice of discontinuance of this 2009 action, and for certain stated relief as contemplated in the interim *948 stipulation, directing the plaintiff to file and serve a complaint, and for counsel fees, is granted as set forth in this order.
All requests for relief not specifically addressed are denied.
A brief procedural history is in order. This matter was commenced by the filing of a summons with notice in November 2009. In January 2010 the plaintiff served and filed an amended summons with notice. The defendant served and filed a notice of appearance and demand for a complaint that month. On June 17, 2010 the parties entered into the interim stipulation, discussed below. In December 2010 a preliminary conference was held before the court (Brown, J.), resulting in a preliminary conference order. In that order, the parties agreed that the issue of grounds for divorce was resolved. After the case was transferred to the undersigned, the case was certified as ready for trial by order issued in June 2011.
Defendant states that in August 2011 she commenced her own action because of plaintiffs default under the interim stipulation. In September 2011 the defendant moved to enforce the interim stipulation in the present 2009 action, as stated above. However, on October 21, 2011 the plaintiff filed and then served the notice of discontinuance of the 2009 action, under which the interim stipulation had been made. In November 2011 the defendant moved to vacate the notice. Numerous consent adjournments of both motions ensued until final submission.
Insofar as is relevant here, the interim stipulation provides that grounds for divorce were resolved, and that the plaintiff husband would serve a verified complaint on the ground of constructive abandonment of the husband by the wife. The wife waived her time to answer the complaint and agreed to sign an affidavit neither admitting nor denying the allegations set forth in the complaint and consenting to placing the matter on the uncontested matrimonial calendar.
The parties agreed that upon the signing of the interim stipulation the mortgage on the marital residence would be satisfied by certain funds originally held in the plaintiff’s Vanguard investment account. The plaintiff was to purchase another home, and then transfer title to the marital residence to the defendant wife. The parties agreed that $92,000 would be used to pay off the mortgage, and the plaintiff was to take an additional sum of $56,000 to aid in purchasing another residence. The parties acknowledged that they would determine credits due as a result of the mortgage payoff and transfer at a later date, “once the parties determine how the remaining assets shall be divided, *949 the amount of which shall be determined by the parties or by a Court of competent jurisdiction.” The interim stipulation concludes with a paragraph stating that “[t]he parties agree that all other aspects of the division of property shall be determined upon the completion of certain appraisals and valuations that are in the process of being prepared.” Both parties executed an affidavit in lieu of oral allocution in support of the interim stipulation.
The defendant claims in her affidavit that the plaintiff exercised his right under the interim stipulation and withdrew and used the $56,000 for a new home. It is also apparent that he paid off the mortgage, in that defendant has not sought a direction that he do so now. However, he has not transferred the marital residence to the defendant. The plaintiff has submitted no opposing affidavit, and thus this allegation is uncontested. He relies entirely on the law regarding discontinuance of actions. Because he has not submitted an affidavit, his motives for seeking to discontinue at this juncture are unexplained, although from his attorney’s response, as indicated below, he wishes to disavow the interim stipulation. Also uncontested are the defendant’s claims that the funds she describes are all marital property.
CPLR 3217 (a) (1) permits any party asserting a claim to discontinue it without a court order by serving upon all parties a notice of discontinuance “at any time before a responsive pleading is served or within twenty days after service of the pleading asserting the claim, whichever is earlier, and filing the notice with proof of service with the clerk of the court.” As set forth above, no complaint ever was served, and thus there was no responsive pleading. The defendant argues, in effect, that notwithstanding these circumstances the notice of discontinuance should be stricken because the plaintiff either waived his right to discontinue by his actions in the case prior to service of the notice, or should be barred from doing so as a matter of equity under estoppel principles. As noted, the plaintiff relies on the law of discontinuance, and, with regard to the interim stipulation itself, argues that it is unenforceable as a simple “agreement to agree.” The court notes that as the plaintiff has not requested court permission to discontinue pursuant to CPLR 3217 (b) as an alternative form of relief, it will not be addressed.
Where no pleadings have been served, a plaintiff has the “absolute and unconditional right” to discontinue an action without seeking judicial permission by serving a notice upon the *950 defendant. (Tutt v Tutt, 61 AD3d 967, 967 [2d Dept 2009], citing Battaglia v Battaglia, 59 NY2d 778 [1983], revg on dissenting mem 90 AD2d 930 [2d Dept 1982]; Newman v Newman, 245 AD2d 353 [2d Dept 1997].) However, the right may be waived if there is a voluntary and knowing relinquishment of such right, which may arise by express agreement or by conduct, either by actions or by a failure to claim the advantage given by the right. (Tutt, citing Golfo v Kycia Assoc., Inc., 45 AD3d 531 [2d Dept 2007].) However, a waiver cannot be “created by negligence, oversight, or thoughtlessness, and cannot be inferred from mere silence.” (Golfo at 533, quoting Peck v Peck, 232 AD2d 540, 540 [2d Dept 1996].) In Tutt, a waiver was found, but under a provision of a “so ordered” stipulation that provided the proof of waiver.
Defendant relies not on an express waiver but rather on the conduct of the plaintiff. She cites Minkow v Metelka (46 AD3d 864 [2d Dept 2007]), which held that a waiver of the plaintiffs right to discontinue had been demonstrated. In that case, as in the present matter, no pleadings had ever been served. The Appellate Division pointed to the fact that by the time the discontinuance was asserted the case was very far along, the grounds for the divorce had been established at an inquest, the divorce had been granted, and the trial on the issue of equitable distribution had begun. More importantly, the plaintiff “knowingly and willingly participated in the trial on the ‘assumption’ that pleadings had been served, and declined, in response to a direct question from the court, to object to the continuation of the trial in the absence of pleadings.” (Id. at 864.) This court finds the Minkow decision to be consistent with the general notion that parties may chart their own procedural course. (See generally Anostario v Anostario, 255 AD2d 777, 779 [3d Dept 1998].) In that regard, it is apparent that the Appellate Division in Minkow was doing no more than holding the plaintiff to her clear consent to go to final judgment with the case in its then-current posture (i.e., without pleadings), and therefore would not allow her to raise later a right necessarily waived by that decision.
Here, however, the interim stipulation indicated that the plaintiff was to serve a complaint, and thus there is no showing of an express willingness to litigate the entire case to conclusion without pleadings. Therefore, with such service being contemplated by the parties, there can be no finding of a waiver of the statutory right to discontinue the action before the complaint was served.
*951 However, the defendant has set forth undisputed evidence that should lead to an estoppel. It is true that, in general, this equitable doctrine has found little favor in the present procedural context. For example, in McMahon v McMahon (279 AD2d 346 [1st Dept 2001]) the plaintiff wife commenced an action by way of a summons with notice, and the defendant husband never demanded a complaint and thus never served an answer. Discovery commenced and was undertaken at a brisk pace, but during the course of these proceedings the wife discovered that the husband, a trader at Goldman Sachs, was to be a beneficiary of his employer’s initial public stock offering (IPO), which caused his shares in the company to appreciate considerably. Further proceedings went forward nonetheless, including motion practice regarding disclosure of evidence regarding the IPO, and trial dates were scheduled. The wife then discontinued the action, clearly to obtain the benefit of changing the commencement date of the action to have the appreciation of the husband’s stock be considered marital property. In affirming the denial of the husband’s motion to vacate the discontinuance on estoppel grounds, the Appellate Division found that “[t]he dispositive factor in this case is that the complaint was never served. Hence the wife retained the ‘absolute and unconditional’ statutory right to discontinue the action on notice.” (Id. at 348, quoting Battaglia v Battaglia, 90 AD2d at 933; see also Giambrone v Giambrone, 140 AD2d 206 [1st Dept 1988].) It is only where a court must decide whether to permit the discontinuance under CPLR 3217 (b) that considerations such as the rights of the adverse party and prejudice come into play. (Id.) As noted, CPLR 3217 (b) is not at issue on this motion.
As was noted by the McMahon court by its citation to Giambrone,
“ ‘a court’s power to invoke equitable jurisdiction to vacate a notice must be limited to instances when the conduct is particularly egregious and amounts to more than just an altering of the respective rights of the parties’ .... [T]hose facts [in Giambrone] ‘simply [did] not rise to the level of deviousness, trickery, or fundamentally unfair conduct such as could justify depriving plaintiff of a procedural remedy to which he is statutorily entitled.’ ” (At 349.)
Here, however, the court finds the requisite conduct. The defendant permitted plaintiff to take $56,000 in marital funds based upon an express promise to pay off the mortgage on the *952 marital home and then to transfer the home to her. He did not transfer the property to her. Even assuming that the interim stipulation is unenforceable under principles of contract law, he induced her by his conduct in signing this agreement to permit him to do something he otherwise would have been barred from doing under the automatic orders (Domestic Relations Law § 236 [B] [2] [b]); i.e., taking the money needed to purchase his own home. Seeking now to wipe out the action and, as plaintiffs counsel asserts, with it any further obligation under the interim stipulation, smacks of the type of deviousness and unfair conduct described by the Appellate Division, and thus meets the threshold for vacating the notice of discontinuance on equitable grounds.
Moreover, the court agrees with the defendant regarding the enforcement of the interim agreement as it applies to transfer to her of the marital residence. This is a contract subject to principles of contract interpretation, and a court should review it in accordance with its plain and ordinary meaning. (Ackermann v Ackermann, 82 AD3d 1020 [2d Dept 2011]; Rauso v Rauso, 73 AD3d 888 [2d Dept 2010].) An ambiguity requiring resolution by extrinsic evidence exists only where the agreement on its face is reasonably susceptible to more than one interpretation. (Ackermann v Ackermann.) In this case the agreement is quite clear. There was an exchange of promises to enable them to resolve the issue of their residences. The mortgage was to be paid off, and the wife was then to receive the house, free of the mortgage. In exchange, the husband was to receive the funds needed to purchase a separate residence.
While it is true that final division of assets was left to a further and final agreement, such a later agreement was not stated to be a condition to performance of the foregoing, and both behaved accordingly. (Compare Prospect St. Ventures I, LLC v Eclipsys Solutions Corp., 23 AD3d 213 [1st Dept 2005].) Indeed, it is more accurate to state that the reverse was true: a final division of the rest of their assets could not take place before, and therefore was conditioned on, these acts, as credits stemming from the transaction would be applicable to the balance of the assets.
In sum, the defendant is not seeking to enforce those provisions in which the parties agreed to come to a final disposition of assets at a later date, but rather only that portion that called for the use of specified funds for specified purposes. By giving her assent to release of the money to plaintiff and enabling him *953 to purchase his own residence, she performed, but he did not. Therefore, on this application she is not attempting to enforce an “agreement to agree” and the court rejects this argument as a secondary basis for denying the defendant’s motions.
Accordingly, the defendant’s motion to vacate the notice of discontinuance is granted, the 2009 action is reinstated, and the two actions shall be consolidated for purposes of joint trial. The 2009 index number shall be used for purposes of further scheduling. The automatic orders remain in effect as to both actions.
The defendant’s motion for an order appointing her as attorney-in-fact to permit enforcement of the parties’ interim stipulation is granted to the extent that the plaintiff shall, within 30 days of the date of this order, take those steps that are necessary to assist the defendant in transferring the property to her, or upon affidavit from the defendant stating under oath that such steps have not been taken within this period, or such additional time as the parties may agree, the defendant shall be appointed as attorney-in-fact for plaintiff for the purpose of executing all documents necessary for the transfer of title, and may submit a separate order to that effect. In the interim, the court also grants that branch of the motion that is for the defendant’s exclusive use and occupancy of the marital residence. The plaintiff shall serve and file a complaint within 20 days of the date of this order. Defendant shall answer pursuant to the Civil Practice Law and Rules.
Those branches of the defendant’s motions that are for an award of attorney’s fees are granted to the extent that she is awarded $20,000 in fees, to be paid by the plaintiff as follows: $10,000 within 20 days of the date of this order, and $10,000 no later than January 4, 2013. Marital funds may be used for these payments, but they shall be deducted from that portion of the assets that ultimately are assigned to plaintiff upon the trial.
As the defendant has not claimed that any additional discovery is needed for the 2011 action above what has been exchanged with respect to the 2009 action, which as noted was previously certified as ready for trial, the court hereby certifies the 2011 case as ready for trial as well. Plaintiffs in both actions shall file notes of issue within 30 days from the date hereof. These actions will be tried on March 4, 2013, at 2:00 p.m.