■ DAVID G. HARRIS, Appellant, v WARD GREENBERG HELLER & REIDY LLP et al., Respondents. (Appeal No. 1.) [58 NYS3d 769]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered February 1, 2016. The order granted the motions of defendants to dismiss the supplemental complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and defendants' motions are denied.

Memorandum: Plaintiff commenced this action asserting various causes of action arising out of prior litigation. Prior to answering, defendant Brian DeJoseph moved pursuant to CPLR 3211 to dismiss the supplemental complaint against him, and defendants Ward Greenberg Heller & Reidy LLP, Tony Sears, and Thomas S. D'Antonio (collectively, attorney defendants) and defendants Syracuse University, Nancy Cantor, Eric Spina, Melvin Stith, Randal Elder and Susan Albring (collectively, university defendants) moved separately to dismiss the supplemental complaint against them pursuant to CPLR 3211 and for sanctions. Prior to the return date on the motions, plaintiff filed voluntary notices of discontinuance pursuant to CPLR 3217 (a) (1) with respect to all defendants. In appeal No. 1, plaintiff appeals from an order in which Supreme Court, inter alia, determined that plaintiff's voluntary discontinuance was untimely and granted the relief sought in defendants' respective motions. In appeal No. 2, plaintiff appeals from an order that determined the amount of monetary sanctions against him.

Addressing first the order in appeal No. 1, we conclude that the court erred in determining that plaintiff's notices of discontinuance were untimely. When interpreting a statute, " '[t]he starting point is always to look to the [statutory] language itself' " (*Pultz v Economakis*, 10 NY3d 542, 547 [2008]). CPLR 3217 provides, in relevant part, that "[a]ny party asserting a claim may discontinue it without an order . . . by serving upon all parties to the action a notice of discontinuance at any time *before a responsive pleading* is served or, if no responsive pleading is required, within twenty days after service of the pleading asserting the claim and filing the notice with proof of service with the clerk of the court" (CPLR 3217 [a] [1] [emphasis added]). Thus, the statute provides a plaintiff with "an 'absolute and unconditional' right to discontinue an action prior

to the service of a responsive pleading" (*Minkow v Metelka*, 46 AD3d 864, 864 [2007]). This method of discontinuing an action requires no intervention from the court (*see McMahon v McMahon*, 279 AD2d 346, 348 [2001]; *Chandler v Chandler*, 108 AD2d 1035, 1036 [1985]).

We conclude that the notices of discontinuance were not untimely because a motion to dismiss pursuant to CPLR 3211 is not a "responsive pleading" for purposes of CPLR 3217 (a) (1). A motion pursuant to CPLR 3211 does not fall within the meaning of a "pleading" as defined by CPLR 3011. Rather, a "motion" is defined in the CPLR as "an application for an order" (CPLR 2211). Indeed, the terms "responsive pleading" and "motion to dismiss pursuant to CPLR 3211" are not used interchangeably in the CPLR but, rather, are treated as distinct, separate items. For instance, CPLR 3211 (d) provides that, under certain circumstances, "the court may deny the [CPLR 3211] motion, allowing the moving party to assert the objection in his *responsive pleading*" (emphasis added). Likewise, CPLR 3211 (e) provides that, "[a]t any time before service of the responsive pleading is required, a party may move on one or more grounds set forth in [CPLR 3211 (a)]." It is clear from the language used throughout the CPLR that the Legislature did not intend a CPLR 3211 motion to be considered a "responsive pleading."

The legislative history of CPLR 3217 supports our interpretation of the statute. Under the common law, a plaintiff had an absolute right to discontinue an action at any time before the jury rendered a verdict (*see Schintzuis v Lackawanna Steel Co.*, 224 NY 226, 231 [1918]). Rule 301 of the Rules of Civil Practice superseded the common law and set forth a procedure based, in part, on rule 41 of the Federal Rules of Civil Procedure, which prohibited discontinuances as of right after an answer (*see* First Preliminary Rep of Advisory Comm on Prac and Pro, 1957 NY Legis Doc No. 6 [b] at 104). Upon the enactment of the CPLR, the relevant rule utilized the term "responsive pleading" rather than "answer" (*see* CPLR 3217 [a] [former (1)] [as added by L 1962, ch 308]). The Advisory Committee on Practice and Procedure noted that the court has the "power to impose terms and conditions, *except* if the parties stipulate or the discontinuance comes within the limited period specified in subdivision (a) (1)" (First Preliminary Rep of Advisory Comm on Prac and Pro, 1957 NY Legis Doc No. 6 [b] at 104). The language of the newly enacted CPLR 3217 provided a voluntary discontinuance without an order "by serving upon all parties to the action a notice of discontinuance at any time before

a responsive pleading is served or within twenty days after service of the pleading asserting the claim, whichever is earlier, and filing the notice with proof of service with the clerk of the court" (CPLR 3217 [a] [former (1)] [as added by L 1962, ch 308]). Thus, the voluntary discontinuance upon notice could only be served, at the very latest, 20 days after the complaint.

In 2011, the Legislature amended the statute by removing the "whichever is earlier" clause and limiting the requirement that a voluntary discontinuance occur within 20 days of service of the pleading to the situation in which the pleading for the claim does not require a response (see L 2011, ch 473, § 4, eff Jan. 1, 2012). The legislative history of that amendment provides that "the change would give maximum flexibility to parties who may want to settle claims very early in the litigation process" (Senate Introducer Mem in Support, Bill Jacket, L 2011, ch 473 at 7), and would "bring the CPLR into line with" Federal Rules of Civil Procedure rule 41, which allows voluntary discontinuance of an action up until an answer is served (Senate Introducer Mem in Support, Bill Jacket, L 2011, ch 473 at 7). Thus, the legislative change provided that, if a responsive pleading is required or demanded, a plaintiff has an absolute right to discontinue an action voluntarily until a responsive pleading is served.

Based on the statute's language and the legislative history, we conclude that a determination that a motion to dismiss is a responsive pleading is contrary to the statute. Moreover, if the Legislature intended for a motion to dismiss to defeat a plaintiff's absolute right to serve a notice of discontinuance, it could easily have said so. Thus, in appeal No. 1, we conclude that plaintiff's notices of discontinuance were timely, and we therefore reverse the order therein.

With respect to appeal No. 2, because plaintiff's voluntary notices of discontinuance were timely, the action was discontinued and "it is as if it had never been; everything done in the action is annulled and all . . . order[s] in the case are nullified" (*Newman v Newman*, 245 AD2d 353, 354 [1997]). Thus, the order in appeal No. 2 is a nullity and plaintiff's appeal from that order is academic. Present—Smith, J.P., Peradotto, NeMoyer and Curran, JJ.