315 W. 103 Enters. LLC v Robbins (2019 NY Slip Op 02620)





315 W. 103 Enters. LLC v Robbins


2019 NY Slip Op 02620


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Oing, Singh, JJ.


8895 155205/17 -1150

[*1]315 West 103 Enterprises LLC, et al., Plaintiffs-Respondents,
v
Richard A. Robbins, Defendant-Appellant. The Public Participation Project, Amicus Curiae.


Public Citizen Litigation Group, Washington, D.C. (Paul Alan Levy of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Goldberg Weg & Markus PLLC, New York (Steven A. Weg of counsel), for respondents.
Boies Schiller Flexner LLP, Armonk (Lisa Sokolowski of counsel), for amicus curiae.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered January 5, 2018, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the complaint as moot and denied defendant's requests in such motion for compensatory damages, punitive damages, and attorneys' fees and costs, unanimously affirmed, without costs.
In this defamation action arising from defendant's alleged phone calls to 311 complaining about plaintiffs' construction project next door, Supreme Court granted plaintiffs' motion to discontinue the action by order entered on or about November 13, 2017 (CPLR 3217[b]) and subsequently denied defendant's motion to dismiss as moot (see CPLR 3211[a][7], [g]). Whereas "[a] defendant in an action involving public petition and participation . . . may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action" against him or her (Civil Rights Law § 70-a[1]), contrary to defendant's contention, that provision, which "is in derogation of the common law and must be strictly construed" (Hariri v Amper, 51 AD3d 146, 151 [1st Dept 2008]), does not provide for such recovery by motion to dismiss (id. at 150; CPLR 3211[g]; see Harris v Ward Greenberg Heller & Reidy LLP, 151 AD3d 1808, 1809 [4th Dept 2017] [holding that a motion to dismiss is not a pleading]).
As Supreme Court's grant of the motion to discontinue "dispose[d] of all of the causes of action between the parties in the action . . . and le[ft] nothing for further judicial action apart from mere ministerial matters," defendant's appeal does not bring up the November 13, 2017 order for review (Burke v Crosson, 85 NY2d 10, 15 [1995]). Regardless, as the discontinuance was without prejudice, it does not affect defendant's right of action to recover damages or fees should he make the requisite showings (CPLR 3217[c]; Civil Rights Law § 70-a[2]).
M-1150 - 315 West 103 Enterprises LLC
v Richard A. Robbins
Motion for leave to file amicus curiae brief granted, and the brief deemed filed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK