U.S. Bank Natl. Assn. v McCaffery (2020 NY Slip Op 04805)





U.S. Bank Natl. Assn. v McCaffery


2020 NY Slip Op 04805


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-12900
 (Index No. 11997/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Brian McCaffery, et al., appellants, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for appellants.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Brian McCaffery and Cindy McCaffery appeal from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 30, 2016. The order, insofar as appealed from, denied those branches of those defendants' motion which were for leave to renew and reargue their opposition to that branch of the plaintiff's prior motion which was, in effect, for a declaration that the plaintiff's acceleration of the mortgage debt was revoked and rescinded, which was granted in an order of the same court (Francesca E. Connolly, J.) dated November 10, 2014, and to vacate so much of that order as declared that the plaintiff's acceleration of the mortgage debt was revoked and rescinded. ORDERED that the appeal from so much of the order dated September 30, 2016, as denied that branch of the defendants' motion which was for leave to reargue is dismissed; and it is further, ORDERED that the order dated September 30, 2016, is reversed insofar as reviewed, on the law, that branch of the motion of the defendants Brian McCaffery and Cindy McCaffery which was to vacate so much of the order dated November 10, 2014, as declared that the plaintiff's acceleration of the mortgage debt was revoked and rescinded is granted, and that branch of the motion of the defendants Brian McCaffery and Cindy McCaffery which was for leave to renew their opposition to that branch of the plaintiff's prior motion which was, in effect, for that declaration is denied as academic; and it is further,
ORDERED that one bill of costs is awarded to the defendants Brian McCaffery and Cindy McCaffery.
The plaintiff commenced this action against the defendants Brian McCaffery and Cindy McCaffery (hereinafter together the defendants) and others to foreclose a mortgage encumbering certain property in Mohegan Lake. In June 2014, the plaintiff moved, inter alia, to discontinue the action and, in effect, for a declaration that the acceleration of the mortgage debt was revoked and rescinded. The defendants opposed the motion. By order dated November 10, 2014, the Supreme Court, inter alia, granted the plaintiff's motion to discontinue the action without prejudice, and declared that the plaintiff's acceleration of the mortgage debt was revoked and rescinded. Thereafter, the defendants moved, inter alia, for leave to renew and reargue their opposition to the plaintiff's motion and to vacate so much of the order dated November 10, 2014, as declared that the plaintiff's acceleration of the mortgage debt was revoked and rescinded. By order dated September 30, 2016, the court denied the defendants' motion in its entirety. On appeal, the defendants contend, inter alia, that the court should have vacated the provision in the order dated November 10, 2014, declaring that the plaintiff's acceleration of the mortgage debt was revoked and rescinded.
The appeal from so much of the order dated September 30, 2016, as denied that branch of the defendants' motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Gentry v Mean, 166 AD3d 583; Viola v Blanco, 1 AD3d 506, 507).
"The courts of New York do not issue advisory opinions for the fundamental reason that in this State [t]he giving of such opinions is not the exercise of the judicial function'" (Cuomo v Long Is. Light Co., 71 NY2d 349, 354, quoting Self-Insurer's Assn. v State Indus. Commn., 224 NY 13, 16; see Simon v Nortrax N.E., LLC, 44 AD3d 1027). "Thus, courts may not issue judicial decisions which can have no immediate effect and may never resolve anything'" (Simon v Nortrax N.E., LLC, 44 AD3d at 1027, quoting New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531).
Here, that branch of the plaintiff's prior motion which was for a declaration that the acceleration of the mortgage debt was revoked and rescinded constituted, in essence, an impermissible request for an advisory opinion (see Board of Educ. of Palmyra-Macedon Cent. Sch. Dist. v Flower City Glass Co., Inc., 160 AD3d 1497, 1498; Hirschfeld v Hogan, 60 AD3d 728, 729; Simon v Nortrax N.E., LLC, 44 AD3d at 1027). Where, as here, "an action is discontinued, it is as if it had never been; everything done in the action is annulled and all prior orders in the case are nullified" (Newman v Newman, 245 AD2d 353, 354; see Brown v Cleveland Trust Co., 233 NY 399, 406; Loeb v Willis, 100 NY 231, 235; Harris v Ward Greenberg Heller & Reidy LLP, 151 AD3d 1808, 1810; Stone Mountain Holdings, LLC v Spitzer, 119 AD3d 548, 549). Upon discontinuance of the action, a judicial declaration on the issue of whether the plaintiff elected to revoke its acceleration would be merely advisory inasmuch as there was no active case in which such declaration could have an immediate effect. Indeed, by seeking voluntary discontinuance of the action, the plaintiff, in effect, waived any right to seek any further judicial relief in the action (see e.g. Onewest Bank, FSB v McKay, 172 AD3d 887, 888).
Secondly, a revocation of a plaintiff's election to accelerate a mortgage debt does not automatically occur upon a discontinuance of a mortgage foreclosure action. In this Department, a lender's mere act of voluntarily discontinuing an action does not constitute, in and of itself, an affirmative act revoking an earlier acceleration of the debt (see Christiana Trust v Barua, 184 AD3d 140; Bank of NY Mellon v Yacoob, 182 AD3d 566; HSBC Bank, N.A. v Vaswani, 174 AD3d 514, 515). This is so because "the full balance of a mortgage debt cannot be sought without an acceleration, whereas the voluntary discontinuance of a foreclosure action may be occasioned for any number of different reasons, including those that have nothing to do with an intent to revoke the acceleration" (Christiana Trust v Barua, 184 AD3d at 147. "[T]he [plaintiff's] right to exercise [or revoke] an acceleration independently arises from the provisions of the note between the parties, and not from the existence of the potential . . . remedies of the court" (id. at 149). Thus, it is the plaintiff who has authority to revoke its election to accelerate the mortgage debt under the terms of a note, and not the court.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to vacate so much of the order dated November 10, 2014, as declared that the plaintiff's acceleration of the mortgage debt was revoked and rescinded, on the ground that the plaintiff's request for such declaration constituted an impermissible request for an advisory opinion
In light of the foregoing, we need not reach the remaining contentions.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court