Deutsche Bank Natl. Trust Co. v Lewin (2021 NY Slip Op 05947)





Deutsche Bank Natl. Trust Co. v Lewin


2021 NY Slip Op 05947


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2018-00376
 (Index No. 21911/10)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
James S. Lewin, etc., appellant, et al. defendants.


Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC (Greenberg Traurig, LLP, New York, NY [Patrick G. Broderick and Steve Lazar], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant James S. Lewin appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 3, 2017. The order denied that defendant's motion, in effect, for leave to reargue his opposition to the plaintiff's prior motion for a judgment of foreclosure and sale, which had been granted in an order of the same court dated June 29, 2017.
ORDERED that the appeal from the order dated November 3, 2017, is dismissed, with costs.
In June 2010, the plaintiff commenced this action to foreclose the subject mortgage. The defendant James S. Lewin (hereinafter the defendant) defaulted in appearing and answering the complaint. Thereafter, the plaintiff moved, inter alia, for an order of reference. The defendant opposed the motion. By order dated June 1, 2016, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference. The court found that, despite having been served with process, the defendant failed to answer and was, thus, in default. The court noted that the defendant, in his opposition, did not deny his default or demonstrate a reasonable excuse for failing to timely answer the complaint. The court also noted that, while the defendant's opposing papers included a request for leave to file a late answer, the request was not made pursuant to a motion and, as a result, the court would not entertain it. In a separate order, also dated June 1, 2016, the court, inter alia, deemed the defendant to be in default and appointed a referee to ascertain and compute the amount due to the plaintiff.
Thereafter, the plaintiff moved for a judgment of foreclosure and sale. The defendant opposed the motion. In an order dated June 29, 2017, the Supreme Court granted the plaintiff's motion for a judgment of foreclosure and sale. An order and judgment of foreclosure and sale was entered on July 12, 2017.
Subsequently, the defendant moved for an order "to vacate default judgment and allowing for the interposition of . . . [a] verified answer." In an order dated November 3, 2017, the [*2]Supreme Court denied the defendant's motion, finding that the defendant was relying on the same arguments he had raised in opposing the plaintiff's motion for a judgment of foreclosure and sale. As a result, the court found that the defendant's motion was, in effect, for leave to reargue, and denied the defendant such leave. The defendant appeals.
Although the defendant denominated his motion as one to vacate his default, he simply presented the same arguments that he raised in opposing the plaintiff's prior motion for a judgment of foreclosure and sale. As a result, the Supreme Court properly treated the motion as one for leave to reargue (see Cronin v Hudson Chelsea Assoc., LLC, 68 AD3d 913, 913; Fekete v Camp Skwere, 16 AD3d 544, 546; Kahlke v Buscemi, 12 AD3d 488, 489; Brenner v Cross County Shopping Ctr., 308 AD2d 469, 470). Since the court denied leave to reargue, the appeal from the order dated November 3, 2017, must be dismissed, as no appeal lies from an order denying reargument (see HSBC Bank USA, N.A. v Pacifico, 194 AD3d 1029, 1030).
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court