Chunyin Li v Joffe (2022 NY Slip Op 06227)

Chunyin Li v Joffe

2022 NY Slip Op 06227

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2021-00334
 (Index No. 708698/19)

[*1]Chunyin Li, et al., respondents,
v
Sandor A. Joffe, et al., appellants, et al., defendants.

Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, New York, NY (Samantha E. Quinn of counsel), for appellants.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Christopher J. Donadio of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the defendants Sandor A. Joffe, Kory A. Byrns, and Radiology Associates of Main Street, P.C., appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered December 8, 2020. The order granted that branch of the plaintiffs' motion which was for a declaration that the defendant Sandor A. Joffe was properly served with process pursuant to CPLR 308(2) and 313, and, thereupon, in effect, denied, as academic, that branch of the plaintiffs' motion which was, in the alternative, pursuant to CPLR 306-b to extend the time to serve the supplemental summons and amended complaint upon the defendant Sandor A. Joffe by 120 additional days.
ORDERED that the appeal by the defendants Kory A. Byrns and Radiology Associates of Main Street, P.C., is dismissed, without costs or disbursements, as they are not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the appeal by the defendant Sandor A. Joffe from so much of the order as, in effect, denied, as academic, that branch of the plaintiffs' motion which was pursuant to CPLR 306-b to extend the time to serve the supplemental summons and amended complaint upon him by 120 additional days is dismissed, as he is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is reversed insofar as reviewed on the appeal by the defendant Sandor A. Joffe, on the law and in the exercise of discretion, with costs, and that branch of the plaintiffs' motion which was for a declaration that the defendant Sandor A. Joffe was properly served with process pursuant to CPLR 308(2) and 313 is denied.
The plaintiffs commenced this action against, among others, Sandor A. Joffe to recover damages for medical malpractice and loss of consortium. The plaintiffs subsequently moved for "an Order . . . [d]eclaring [the] plaintiffs' service of the Supplemental Summons and Amended Verified Complaint upon [the] defendant Sandor A. Joffe to be proper under CPLR § 313 and § [*2]308(2)." "In the alternative," the plaintiffs sought "an extension of time for service on [the] defendant Sandor A. Joffe for an additional 120 days." Joffe opposed the plaintiffs' motion, arguing, among other things, that the plaintiffs failed to file proof of service with the court in accordance with the time limitations imposed by CPLR 308(2).
In the order appealed from, the Supreme Court granted that branch of the plaintiffs' motion which was for a declaration that Joffe was properly served with process pursuant to CPLR 308(2) and 313. The court did not acknowledge or address Joffe's argument that the plaintiffs' proof of service had not been filed with the court within the requisite time. The court recognized, but did not reach the merits of, that branch of the plaintiffs' motion which was, in the alternative, pursuant to CPLR 306-b to extend the time to serve Joffe by 120 additional days. The court, in effect, denied the alternative branch of the plaintiffs' motion on the ground that it was academic.
CPLR 308(2) authorizes "[p]ersonal service upon a natural person . . . by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and . . . by mailing the summons by first class mail to the person to be served at his or her actual place of business." CPLR 308(2) provides that "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later."
The failure to file timely proof of service does not constitute a jurisdictional defect (see Weininger v Sassower, 204 AD2d 715, 716). Rather, "[t]he failure to file proof of service is a procedural irregularity . . . that may be cured by motion or sua sponte by the court in its discretion pursuant to CPLR 2004" (Khan v Hernandez, 122 AD3d 802, 803 [emphasis added]; see Zheleznyak v Gordon & Gordon, P.C., 175 AD3d 1360; Deb v Hayut, 171 AD3d 862, 863; Discover Bank v Eschwege, 71 AD3d 1413, 1414; Rosato v Ricciardi, 174 AD2d 937, 938; Lancaster v Kindor, 98 AD2d 300, 307, affd 65 NY2d 804).
Here, since the plaintiffs did not properly seek leave to excuse their failure to timely file proof of service, and the Supreme Court did not grant them leave to file proof of service beyond the statutory window (see CPLR 308[2]), the proof of service relating to Joffe was a nullity (see Zheleznyak v Gordon & Gordon, P.C., 175 AD3d at 1361; Deb v Hayut, 171 AD3d at 863). Under the circumstances, the court should have denied that branch of the plaintiffs' motion which was for a declaration that Joffe was properly served with process pursuant to CPLR 308(2) and 313. In light of the foregoing, it is unnecessary to determine whether service was properly effected at Joffe's "actual place of business" (CPLR 308[2]), or whether the plaintiffs' broad request for declaratory relief "constituted, in essence, an impermissible request for an advisory opinion" (U.S. Bank N.A. v McCaffery, 186 AD3d 897, 899; see Board of Educ. of Palmyra-Macedon Cent. Sch. Dist. v Flower City Glass Co., Inc., 160 AD3d 1497, 1498; Hirschfeld v Hogan, 60 AD3d 728, 729-730; Simon v Nortrax N.E., LLC, 44 AD3d 1027, 1027; see generally New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531-532).
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court