West 92nd Assoc. LLC v Hussein (2024 NY Slip Op 50343(U))

[*1]

West 92nd Assoc. LLC v Hussein

2024 NY Slip Op 50343(U)

Decided on April 2, 2024

Civil Court Of The City Of New York, New York County

Bacdayan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 2, 2024
Civil Court of the City of New York, New York County

West 92nd Associates LLC, Petitioner

against
Maher Hussein, "JOHN DOE" AND"JANE DOE," Respondent(s)

L&T Index No. 313357-23

Belkin Burden Goldman, LLP (Daniel Patrick Phillips, Esq.), for the petitioner
Fairchild Law, LLC (Steven Royal Fairchild, Esq.), for the respondent

Karen May Bacdayan, J.

Recitation, as required by CPLR 2219 (a) of the papers considered in review of this motion by NYSCEF Doc No: 46-61.
PROCEDURAL HISTORY AND BACKGROUND
This is a holdover proceeding commenced against Maher Hussein ("respondent"), predicated on respondent's failure to sign a purportedly properly offered rent stabilized renewal lease after the expiration of his lease on April 30, 2023. Petitioner previously moved for summary judgment, NYSCEF Doc No. 11, notice of motion for summary judgment (sequence 1), and respondent cross-moved for summary judgment, NYSCEF Doc No. 18, notice of cross-motion for summary judgment (sequence 2). On February 8, 2024, the court denied petitioner's motion for summary judgment, and granted respondent's cross motion for summary judgment dismissing the petition. (West 92d Associates, LLC v Hussein,  NYS3d , 2024 NY Slip Op 24035.)[FN1]
In so holding, the court found that the petition misstated material and uncontroverted [*2]facts established at trial in a prior proceeding regarding when respondent's most recent lease expired, which, in and of itself, provided a basis to deny petitioner summary judgment. The court further held that, while failure to execute a proper renewal lease offer is one of the enumerated causes of action in the Rent Stabilization Code [9 NYCRR] ("RSC") § 2524.3 (f), here, the offered renewal lease was not proper in form as it did not comprise the requisite explanatory rent stabilization rider; this provided additional grounds to grant summary judgment to respondent. (RSC § 2522.5 [c] [1].) At issue here is the court's third basis for granting respondent summary judgment in Hussein: that petitioner had not stated a cause of action as against respondent because a rent stabilized tenant may only be evicted based upon certain enumerated grounds, and the grounds stated are not grounds provided in the law; to wit, neither the Rent Stabilization Law ("RSL") nor the RSC contemplate a holdover proceeding for failure to sign a renewal lease offer where there is no initial rent stabilized lease which comports with the strictures of the RSL and RSC. The court specifically advised petitioner that "[t]he court takes no position on what petitioner must do now to regain possession of the apartment." (Hussein, 2024 NY Slip Op 24035, *5.)
Now before the court is petitioner's motion to reargue the court's February 8, 2024 decision and order. (NYSCEF Doc No. 46, notice of motion [sequence 3].)[FN2]
 Petitioner asks this court to modify its decision and order to state that it "was not required to serve [r]espondent with an 'initial vacancy lease' and is limited to only serving [r]espondent with rent stabilized renewal lease [sic] with riders as required by law." (Id.) At oral argument, with almost no opposition, petitioner advanced that respondent had not argued that there was no cause of action because there was no initial rent stabilized lease to renew.
DISCUSSION
Petitioner agrees with the court that the date of expiration of the latest lease was a material misstatement, and petitioner further agrees with the court that the renewal lease offer was improper for failure to attach the required rider. However, upon reargument, petitioner asks the court to take a position regarding what would constitute a viable subsequent proceeding against respondent.
Petitioner is correct that the court improperly granted relief in part by answering a question that respondent did not initially raise. (Rosenblatt v St. George Health & Racquetball Assocs., LLC, 119 AD3d 45, 52 [2d Dept 2014] [the court cannot address a dispositive issue not raised by the parties].) Thus, the aforementioned discrete issue remains unresolved for another [*3]day and another proceeding.[FN3]
Accordingly, petitioner's motion to reargue is granted in part to the extent set forth herein, i.e., the court holds that the decision under review is not based on an answer to a question that was never asked, but, rather, on the grounds that (1) petitioner misstated the expiration date of respondent's last lease, and (2) the renewal lease offer upon which petitioner relies is not a proper offer.
However, the court cannot go so far as to grant petitioner's request that the court, upon reargument, hold "that [p]etitioner was not required to serve [r]espondent with an 'initial vacancy lease' and is limited to only serving [r]espondent with [a] rent stabilized renewal lease with riders as required by law." (NYSCEF Doc No. 46, notice of motion.) Such a holding would involve further consideration of unrequested relief, further analysis of arguments not previously made, and would affect events that may occur in the future. In other words, petitioner purports to seek an impermissible advisory opinion.[FN4]
To the extent petitioner's motion seeks an advisory opinion, such request is denied. If the legislature has made a mistake of omission, or if this result is unduly harsh, it is for the legislature to remedy. (Chazon LLC v Maugenest, 19 NY3d 410, 416 [2012].)[FN5]

CONCLUSION
Accordingly, it is
ORDERED that respondent's motion to retroactively extend his time to file opposition to petitioner's motion is granted; and it is further
ORDERED that petitioner's motion to reargue is granted in part and denied in part as set forth above.
This constitutes the decision and order of this court.
Dated: April 2, 2024
New York, NY
HON. KAREN MAY BACDAYAN

Footnotes

Footnote 1:It is not disputed that respondent is a rent stabilized tenant who is entitled to a rent stabilized lease. There is also no dispute that respondent's initial lease for the then-unregulated premises was executed in 2002. Nor is it disputed that respondent did not sign the offer of a rent stabilized renewal lease dated January 9, 2023.

Footnote 2:Respondent's opposition papers were filed 12 days later than the parties had stipulated. Petitioner rejected them as untimely, and respondent moved to retroactively extend the time to file opposition. NYSCEF Doc No. 58, notice of motion (sequence 4). The court indicated in an email to both parties that the late papers would be considered and intended to grant respondent's motion and offered petitioner a commensurate amount of time to reply. Petitioner declined the additional time and requested oral argument on the stipulated date of March 27, 2024, which was held, and which continued on March 28, 2024.

Footnote 3:Petitioner also advanced a number of cogent arguments during oral argument which would bear consideration if the issue were properly before the court, which it was not.

Footnote 4:This proceeding has terminated with the entry of a judgment in favor of respondent. There is no longer a justiciable case between the parties for this court to decide. US Bank Nat'l Ass'n v McCaffery, 186 AD3d 897, 899 (2d Dept 2020) (denying as academic a motion requesting a judicial declaration after the case had been discontinued because there was "no active case in which such declaration could have an immediate effect.") Were the court to opine in the manner requested by petitioner, it would bear only on a subsequent proceeding by petitioner against respondent, or potentially have even wider reaching implications for future unrelated proceedings. See Portofino Realty Corp. v New York State Div. of Hous. & Cmty. Renewal, 147 NYS3d 69, 72—73 (2d Dept 2021) ("It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal. Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries (internal quotation marks and citations omitted)[.]") 

Footnote 5:The court notes that, while it is not within the exercise of judicial functions to opine on future controversies, DHCR is specifically empowered to render an advisory opinion at the request of any party. RSC § 2527.11 (a), (b). "In addition to the advisory opinion issued under subdivision (a) of this section, the DHCR may take such other required and appropriate action as it deems necessary for the timely implementation of the RSL and this Code, and for the preservation of regulated rental housing in accordance with section 2520.3 of this Title. Such other action may include the issuance and updating of schedules, forms, instructions, and the official interpretative opinions and explanatory statements of general policy of the commission, including operational bulletins, with respect to the RSL and this Code." RSC § 2527.11 (b).