Grech v HRC Corp. (2024 NY Slip Op 02174)

Grech v HRC Corp.

2024 NY Slip Op 02174

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-08347
 (Index No. 706901/20)

[*1]Savior Grech, plaintiff-respondent, 
v
HRC Corporation, et al., defendants-respondents; Sheryl R. Menkes, nonparty-appellant; The Flomenhaft Law Firm, PLLC, nonparty-respondent.

Sheryl R. Menkes, New York, NY, nonparty-appellant pro se.
The Flomenhaft Law Firm, PLLC, New York, NY (Benedene Cannata and Jordan Hoch of counsel), nonparty-respondent pro se.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Sheryl R. Menkes appeals from an order of the Supreme Court, Queens County (David Elliot, J.), entered October 4, 2021. The order, insofar as appealed from, denied Menkes's motion, in effect, for leave to reargue her opposition to that branch of the prior motion of nonparty The Flomenhaft Law Firm, PLLC, which was to direct Menkes to surrender the plaintiff's litigation file in this action to The Flomenhaft Law Firm, PLLC, prior to repayment of Menkes's disbursements, which had been determined in an order of the same court entered April 2, 2021.
ORDERED that the appeal is dismissed, with costs.
In February 2020, the plaintiff's incoming counsel, The Flomenhaft Law Firm, PLLC (hereinafter FLF), moved, inter alia, to direct the plaintiff's outgoing attorney, Sheryl R. Menkes, to surrender the plaintiff's litigation file in this action to FLF prior to repayment of Menkes's disbursements, which were disputed by FLF. In an order entered April 2, 2021, the Supreme Court, inter alia, directed Menkes to surrender the plaintiff's litigation file upon either FLF's repayment of the claimed disbursements or upon FLF's deposit of the disputed sum into court, as security.
Thereafter, Menkes moved to "vacat[e]" that portion of the order entered April 2, 2021, which Menkes stated gave "FLF the option of paying the disbursements . . . into court rather than reimbursing her." In an order entered October 4, 2021, the Supreme Court determined that Menkes's motion, in effect, sought leave to reargue and denied such leave. Menkes appeals.
The Supreme Court properly characterized Menkes's motion, denominated as one to vacate a portion of an order, as a motion for leave to reargue her opposition to that branch of FLF's prior motion to direct Menkes to surrender the plaintiff's litigation file in this action to FLF prior to repayment of her claimed disbursements (see Bank of Am., N.A. v Davis, 210 AD3d 737, 737; Deutsche Bank Natl. Trust Co. v Lewin, 199 AD3d 642, 643; New Sans Souci Nursing Home v DeBuono, 249 AD2d 285, 286). Because no appeal lies from an order denying reargument, the appeal must be dismissed (see Bank of Am., N.A. v Davis, 210 AD3d at 737; Deutsche Bank Natl. [*2]Trust Co. v Lewin, 199 AD3d at 643; Matter of Mingo v Brown, 176 AD3d 945, 947).
LASALLE, P.J., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court