Metro Found. Contrs., Inc. v M.A. Angeliades, Inc. (2024 NY Slip Op 06036)

Metro Found. Contrs., Inc. v M.A. Angeliades, Inc.

2024 NY Slip Op 06036

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-04260
 (Index No. 718216/20)

[*1]Metro Foundation Contractors, Inc., appellant,
v
M.A. Angeliades, Inc., et al., respondents, et al., defendants.

Bryan Ha, White Plains, NY, for appellant.
Georgoulis PLLC, New York, NY (Chris Georgoulis and James G. Lainas of counsel), for respondents.
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered November 30, 2021. The order denied the plaintiff's motion, denominated as one to vacate a prior order of the same court (Ernest Hart, J.) dated May 1, 2018, but which was, in actuality, one for leave to reargue that branch of its cross-motion which was for leave to enter a default judgment against the defendants M.A. Angeliades, Inc., Federal Insurance Company, and Chubb Group of Insurance Companies, which had been, in effect, denied in the order dated May 1, 2018.

DECISION & ORDER
By order to show cause dated October 27, 2023, the parties were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal on the ground that no appeal lies as of right from an order denying reargument. By decision and order on motion of this Court dated December 15, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted; and it is further,
ORDERED that the appeal is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In this action, inter alia, to recover damages for breach of contract, the plaintiff cross-moved, among other things, for leave to enter a default judgment against the defendants M.A. Angeliades, Inc., Federal Insurance Company, and Chubb Group of Insurance Companies (hereinafter collectively the defendants). In an order dated July 19, 2017, the Supreme Court, inter alia, referred that branch of the plaintiff's cross-motion for a hearing to determine whether the defendants had timely served an answer to the second amended complaint. Thereafter, in an order [*2]dated May 1, 2018, the court determined that the answer to the second amended complaint was timely served and, in effect, denied that branch of the plaintiff's cross-motion which was for leave to enter a default judgment against the defendants.
The plaintiff moved to vacate the order dated May 1, 2018, contending that the Supreme Court erred by failing to hold a hearing, as directed by the order dated July 19, 2017, prior to ruling that the defendants had timely served an answer to the second amended complaint. The court denied the motion, deeming it a motion pursuant to CPLR 2221(d) for leave to reargue that branch of its cross-motion which was for leave to enter a default judgment against the defendants. The plaintiff appeals.
The Supreme Court properly characterized the plaintiff's motion, denominated as one to vacate an order, as a motion for leave to reargue that branch of its cross-motion which was for leave to enter a default judgment against the defendants (see Grech v HRC Corp., 226 AD3d 975; Bank of Am., N.A. v Davis, 210 AD3d 737, 737; New Sans Souci Nursing Home v DeBuono, 249 AD2d 285, 286). Because no appeal lies from an order denying reargument, the appeal must be dismissed (see Bank of Am., N.A. v Davis, 210 AD3d at 737; Matter of Mingo v Brown, 176 AD3d 945, 947).
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court